**HAMILTON v. MONROE.   (No. 488.) †**

(Court of Civil Appeals of Texas. Waco. Oct. 25, 1926.   Rehearing Denied Oct. 26, 1926.)

**1. Elections ⬀122.**

Regulation of party nominations is entirely statutory.

**2. Elections ⬀154(6) — Decision of district court of election contest for nomination to office of district judge held final; "state office" (Rev. St. 3153).**

Office of district judge of district comprised of one county *held* not state office, within meaning of Primary Election Law, precluding appeal from district court decision on election contest,·under Rev. St. 3153.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Office.]

**3. Elections ⬀120—"State offices," "district offices," and "county offices" defined.**

"State offices," as used in·Primary Election Law, means offices to be filled by electorate of entire state, "district offices," those to be filled by electorate of districts, and "county offices," those filled by electorate of entire county.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Election contest proceeding by Tom Hamilton against Richard I. Monroe. Judgment for defendant, and plaintiff appeals. On mo-

---

tion to dismiss the appeal for lack of jurisdiction. Cause stricken from docket.

J. A. Kibler, W. L. Eason, and Nat Harris, all of Waco, for appellant.

Spivey & Spivey, Taylor & Atkinson, John Sheehy, and C. S. Farmer, all of Waco, for appellee.

BARCUS, J. This is an appeal by appellant from an adverse judgment rendered against him in a primary election contest which he filed in the district court of McLennan county. The record shows that appellant and appellee were candidates for the office of district judge of the Fifty-Fourth judicial district of Texas, embracing only McLennan county, in the second primary election held in McLennan county in August, 1926. The Democratic executive committee of McLennan county canvassed the returns of said election and declared appellee the nominee for said office. Appellant filed his original contest of said nomination in the district court of McLennan county, and, upon a trial thereof by said court, appellant's contest was denied and appellee was by said court declared the nominee of the Democratic party for said office. Appellant duly excepted to the judgment of said court and presents same to this court for review.

[1, 2] Appellee has filed his motion to dismiss this appeal on the ground that this court is without jurisdiction to entertain same. We sustain this motion. The General Election Law is now embraced in title 50 of the Revised Statutes, and the law with reference to nominations by political parties is embraced in chapters 13 and 14 of said title. The regulation of party nominations is entirely statutory. The Supreme Court of this state has held that the only rights candidates for party nomination in primary election contests have are those given by the statutes. Ashford v. Goodwin, 103 Tex. 491, 131 S. W. 535, Ann. Cas. 1913A, 699. Appellant recognizes this limitation, but contends that the nomination for district judge is, within the meaning of the law, a state office, and that therefore an appeal in a contest for the nomination for said office is authorized. Article 3152 of the Revised Statutes provides for contests in the district court of nominations by political parties for state, district, county, precinct, or municipal offices, and provides that:

"The decision of said court or judge shall be final as to all district, county, precinct or municipal offices."

Article 3153 of the Revised Statutes provides:

"In all contests for state offices before the district court * * * either party may appeal to the Court of Civil Appeals."

If appellant's contention is right that the office of district judge is a state office,

287 S.W.—20

as that term is used in article 3153, then he would be entitled to an appeal.

Article 10 of the Revised Statutes and article 8 of the Penal Code provide that, in the construction of all statutes, the ordinary signification shall be applied to all words used except where they have been by statute definitely defined. If the nomination for the office of district judge for the Fifty-Fourth district is a district or county office within the meaning of the statute, then there is no appeal. Revised Statutes, art. 3152; Lane v. McLemore (Tex. Civ. App.) 169 S. W. 1073; Gettys v. Cobble (Tex. Civ. App.) 244 S. W. 860. It therefore becomes material to determine what is meant by the words "state offices" and "district and county offices," used in the Primary Election Law.

Articles 3102 to 3138, inclusive, of the Revised Statutes provide in the minutest details the method by which party candidates for the nomination for state offices, district offices, and county and precinct offices may have their names placed upon the ballot. They provide for state, district, and county committees to meet and canvass the results of the primary elections in their respective jurisdictions, and provide for the holding of state, district, and county party conventions, and provide the machinery through which contests for the nomination for the respective offices may be tried and determined. Under the statutes, the state committee is required to canvass the votes for all candidates for nomination for state offices and declare the result, and the district committee is required to canvass the votes cast for candidates for nomination for all district offices and declare the result, and the county committee is required to canvass the votes for all candidates for nomination for county offices and those to be selected alone by the voters of one county or a portion thereof, and declare the result. In addition to the above provisions, the Legislature, evidently with the intention of clarifying and making plain its intention as to what was meant by the words used and the method required for a person to become the nominee of a party, adopted article 3168 of the Revised Statutes, which provides:

"The words 'county nomination' shall mean the nomination for any office to be filled by the choice of the voters residing in only one county or less than one county. The words 'district nomination' shall mean the nomination for any office to be filled by the choice of the voters residing in more than one county. The words 'state nomination' shall mean the nomination for any office to be filled by the choice of the voters of the entire state."

[3] The Constitution and general statutes of this state provide for certain state officers and certain district officers, and the Legislature has apportioned the state into senatorial, representative, congressional, and judicial districts. To our mind, the word "district,"

as applied to district offices, has an entirely different and distinct meaning from that as used for state offices. The Legislature evidently had in mind, when it was enacting the Primary Election Law, the same subdivisions which it had created for administrative purposes by the respective officers of the state. Any other interpretation would be a strained construction and one not carrying out the plain, unambiguous import of the meaning of the words or the intention of the Legislature. We think the Legislature, in using throughout the statutes regulating nominations by parties of candidates for the respective places to be filled, the words "state offices" meant only such offices as are to be filled by the electorate of the entire state, and the words "district offices" meant only such offices as are to be filled by the electorate of the respective districts, and the words "county offices" meant those to be filled by the electorate only of the entire county. Any other construction would make the word "district" meaningless as used in said statute.

The entire Primary Election Law was designed by the Legislature to give parties the machinery through which they are required to nominate their candidates for the respective offices of the state. The act, as a whole, is purely administrative in its nature and effect. The law with reference to the election of officers at the general election is dealt with in different chapters and contains different provisions. Appellant contends that since a district judge draws his pay from the state and since a vacancy in said office is filled by appointment by the Governor, it thereby becomes a state office. It is true in the broad sense of the word, that a district judge is a state officer; in the same sense, however, all other officers who administer or enforce the state laws are state officers. The Legislature, in providing the party machinery for nominations for the respective officers, was dealing with party nominations for the state and the respective subdivisions thereof, as named in said act, and providing for a method by which any candidate for a party nomination for a state, district, county, or precinct office might contest said nomination, and said act provides that in all contests for district, county, and precinct nominations the judgment of the trial court shall be final.

Appellant, in his contest filed, alleged that the county executive committee of McLennan county canvassed the returns of the election and certified the nominee to the county clerk, and he alleged he was contesting the nomination as made by said county committee. With reference to party nomination for state offices, articles 3137 and 3138 of the Revised Statutes provide that the state executive committee shall canvass the returns and report to the state convention held by the party, and that said convention shall declare who have been nominated for the respective state offices and certify said nominations for state office to the secretary of state. Appellant does not contend that the state executive committee at any time canvassed the returns of the election for nomination for district judge of the Fifty-Fourth district, or that it had declared appellee the party nominee for said office. If appellant is correct in his contention that the office of district judge in McLennan county is a state office, as contemplated by the election law, then he would have been required to file his application for his name to be placed on the ticket with the state chairman, and, before a contest could have been instigated, the state executive committee would have been required to meet and canvass the returns, and the state convention declare the result of said election. We do not think there can be any question about the office of district judge of the Fifty-Fourth judicial district, which is filled by the electorate alone of McLennan county, being, in the contemplation and meaning of the Terrell Election Law, either a county or a district office; and, such being our holding, we are without jurisdiction to hear and determine the appeal in this case.

The cause is stricken from the docket for lack of jurisdiction.