R. M. BOUNDS ET AL. V. JANE Y. MCCALLUM, SECRETARY OF STATE, ET AL.

No. 6326. Decided October 8, 1932.

(52 S. W., 2d Series, 1047.)

*William N. Bonner,* of Wichita Falls, *E. A. McDaniel,* of McAllen, and *L. J. Polk,* of Pharr, for appellants.

On question of right to injunction to prevent the placing on the official ballot names of parties nominated without sanction of and contrary to law by political party having no state organization. Ashford v. Goodwin, 103 Texas, 491, 131 S. W., 535; 9 Ruling Case Law, p. 1070, sec. 84.; Leslie v. Griffin, 25 S. W. (2d) 821; Gilmore v. Waples, 108 Texas, 167, 188 S. W., 1037.

*Griffin, Kimbrough & Cox,* of McAllen, *Davenport, West & Ransome,* of Brownsville, for appellees.

Political parties have the inherent right to make nominations for the Political offices of the people. The Legislature can prescribe reasonable methods to be employed in so doing; but cannot prohibit such nominations being made; and in all cases of Statutory construction involving such rights, that construction must be preferred which accords with a legislative intent to prescribe reasonable methods as against one that would imply to the Legislature an unconstitutional intent to prohibit the exercise by a political party of its inherent right to make

such nominations. Gilmore v. Waples, 108 Texas, 167, 188 S. W., 1037; Waples v. Gilmore, 189 S. W., 122; Morris v. Mims, 224 S. W., 587; Coffey v. Democratic Executive Committee, 164, N. Y., 335, 58 N. E., 124, 51 L. R. A., 680.

That the court was without jurisdiction to determine the issues presented in the petition, or grant the relief prayed for, because the rights asserted by plaintiff and sought to be protected by this suit are political and not legal rights. Dickson v. Strickland, 114 Texas, 176, 265 S. W., 1012; Gilmore v. Waples, 108 Texas, 167, 188 S. W., 1039; Winder v. King, 1 S. W. (2d) 587; Robinson v. Wingate, 98 Texas, 267, 83 S. W., 182.

MR. JUDGE HARVEY delivered the opinion of the Commission of Appeals.

The Court of Civil Appeals for the Third District has submitted to the Supreme Court a certified question, and same has been duly referred to Sections A and B, jointly, for consideration and report. The certificate containing the certified question reads as follows:

"The above case is pending in this court on appeal from an interlocutory order of the District Court of Travis County, 53rd Judicial District, in vacation, denying a temporary writ of injunction. The question certified herein is material to a decision of the appeal, and grew out of the nature and result of the suit and the facts disclosed by the record before us, which in so far as deemed material to this certificate follow:

"The plaintiffs are R. M. Bounds, Charles E. Thompson, and Josh Ewing, who have been regularly elected by the Democratic Party as nominees for the offices respectively of District Judge of the 92nd Judicial District, District Judge of the 93rd Judicial District, and Representative of the 73rd Legislative or Representative District of Texas, each of which districts comprise only the territorial limits of Hidalgo County, and J. C. Looney, who is Chairman of the Democratic Executive Committee of Hidalgo County.

"The defendants are Jane Y. McCallum, Secretary of State; E. C. Couch, County Judge; F. W. Lemberg, County Clerk; and T. C. Gill, Sheriff of Hidalgo County, who are sued in their official capacities and also as members of the election board of Hidalgo County; Bryce Ferguson, Fred E. Bennett and Homer L. Leonard, the regularly elected nominees of the Good Government Party of Hidalgo County (a political party without state organization and operating only in Hidalgo County), for the aforesaid offices respectively.

"The suit is to enjoin the Secretary of State from certifying to the County Clerk of Hidalgo County the names of the defendants Ferguson, Bennett and Leonard as nominees of the Good Government Party for said respective offices, and to enjoin the named defendant county officials from performing the statutory duties required of them which would result in printing the names of defendant nominees upon the official ballot of the general election to be held on November 8, 1932, as candidates and nominees of the Good Government Party of Hidalgo County for the stated respective offices.

"An agreed statement of facts shows that the hearing upon the order appealed from was had upon agreement of the parties (except the Secretary of State, who although served with notice made no appearance), to the effect that the Statements of fact but not the conclusions of the respective parties in their pleadings were true. Stripped of their verbiage, these pleadings, additionally to what has been stated above, disclose:

"The Good Government Party of Hidalgo County has been a regularly organized local political party without state organization, operating exclusively in Hidalgo County for more than two years. In 1930, it made nominations for all county officers and for the office of representative of the 73rd legislative or representative district, which latter nominee was elected in the 1930 general election, qualified, and assumed the duties of that office, which he now holds. There was no election for district judge in the 92nd or 93rd judicial districts in 1930. The Good Government Party of Hidalgo County held a regular primary election in July, 1932, at which nominations were made for all county officers of Hidalgo County and the three offices above named, in which election the said Ferguson received 4;622 votes, the said Bennett 4,607 votes, and the said Leonard 4,643 votes, each of said candidates being unopposed, and each receiving all of the votes that were cast in said election for said respective offices. The returns of said election were duly canvassed and the result thereof duly certified to the County Clerk of Hidalgo County, and by him to the Secretary of State. This suit was brought on September 12, 1932, on which date the Judge in Chambers set the application for temporary injunction for hearing on September 27, 1932, and issued an order restraining the several defendant officials from performing any of the acts sought to be enjoined pending such hearing.

"At the hearing the temporary injunction was denied, and from this order the plaintiffs have appealed.

"All of the parties except the Secretary of State have joined

in a motion to advance the cause and certify the controlling question therein to your Honors, which motion this court has granted.

"The motion states: 'that the determination of said appeal necessarily involves the construction of Article 3163 of our Revised Civil Statutes, which has never received any judicial construction by any of our higher courts; that it is contended by appellants and refuted by appellees that the Good Government Party of Hidalgo County, Texas, a party without State organization and confined in its activities to Hidalgo County is without lawful authority to make nominations for district offices, to-wit, for Judge of the 92nd Judicial District of Texas, for Judge of the 93rd Judicial District of Texas, and for Representatives of the 73rd Representative District of Texas, under and by virtue of Article 3163, R. C. S., even though said Districts are each composed of Hidalgo County alone.'

"Because of the great public importance of the controversy thus raised and the manifest urgent necessity of having a judicial determination thereof by the Supreme Court as soon as practicable, we deem it advisable and our duty to certify for your decision the following question:

"Did the trial court err in holding that the plaintiffs were not entitled to the injunctive relief sought which if granted would prevent the defendants, Ferguson, Bennett and Leonard from having their names printed upon the official ballot in the general election as candidates and nominees of the Good Government Party of Hidalgo County for the stated offices respectively?"

■ Article 2978 of the statutes provides for the official ballot in a general election. With respect to said official ballot, this article provides, in part, as follows:

"* * * It shall contain the printed names of all candidates whose nominations for an elective office have been duly made and properly certified. The names shall appear on the ballot under the head of the party that nominates them, except as otherwise provided by this title. No name shall appear on the official ballot except that of a candidate who was actually nominated (either as a party nominee or as a non-partisan or independent candidate) in accordance with the provisions of this title."

It thus appears that the printing of the name of any candidate on the official ballot is expressly prohibited, unless he has been nominated in accordance with other provisions of the same title.

Article 3163 of such title provides as follows:

"Any political party without a State organization desiring to nominate candidates for county and precinct offices only may nominate such candidates therefor under the provisions of this title by primary elections or by a county convention held on the legal primary election day, which convention shall be composed of delegates from various election precincts in said county, elected therein at primary conventions held in such precincts between the hours of eight a. m. and ten p. m. of the preceding Saturday. All nominations made by any such parties shall be certified to the county clerk by the chairman of the county committee of such party, and, after taking the same course as nominations of other parties so certified, shall be printed on the official ballot in a separate column, headed by the name of the party; provided, a written application for such printing shall have been made to the county judge, signed and sworn to by three per cent of the entire vote cast in such county at the last general election."

■■ Since the Good Government Party of Hidalgo County is without a State organization, it is such a political party as falls within the terms of the above Statute. The question arises, then, as to whether the printing, on the official ballot, of the names of those candidates who have been nominated by that party for the office of district judge and of representative in the Legislature, as shown by the certificate of the Court of Civil Appeals herein, is prohibited by the provisions of Article 2978. It is clear that if the nominations, for which provision is made by Article 3163, do not include nominations for the offices just mentioned, it follows that the printing, on the official ballot, of the names of the nominees of said party for those offices, is prohibited by the other statute. This would be true for the reason there is no statutory provision made elsewhere for the nomination of candidates for said offices by a political party lacking a State organization. Except Article 3163, all statutory provisions for the nomination, by party action, of candidates for state, district, county or precinct offices, plainly contemplate only such a party as has a State organization. But counsel contends that a district office, where the district involved is composed of a single county, is not classed, in the primary election law, either as a State office or as a district office; hence they say that such an office is contemplated by the provisions of Article 3163. The contention is overruled. Due consideration of all relevant statutory provisions convinces us that, regardless of the territorial extent of the district in-

volved, the primary election law, as a whole, contemplates as district offices, within the meaning of that law, the office of district judge and that of representative; and that those offices are not comprehended by the term "county and precinct offices" as used in Article 3163 or by any other provision contained in that article. By analogy, this conclusion is supported, in a measure, by the holding of the Supreme Court in Hamilton v. Monroe, 116 Texas, 153, 287 S. W., 306. In that case a nomination for district judge for a judicial district composed of a single county was involved, and the court explicitly held that "the office of district judge is a district office within the meaning of the primary election law."

■ It is further contended, in effect,. that the matter of printing the names of appellees, Ferguson, Bennett and Leonard, on the official ballot, as nominees of the Good Government Party of Hidalgo County, for the respective offices in question, involves but a political question of which the trial court has no jurisdiction. This contention is overruled. Each of the appellants, Bounds, Thompson, and Ewing, being a candidate for one of said offices respectively, and having been duly nominated therefor in accordance with the statutes, has the legal right to have his name appear on the official ballot, and to have excluded therefrom the names of all other candidates for such office except those who have been nominated under statutory authority. Courts have jurisdiction to enforce that legal right. Gilmore v. Waples, 108 Texas, 167, 188 S. W., 1037.

We recommend that the certified question be answered "Yes."

The opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.

C. M. CURETON, Chief Justice.