BRYCE FERGUSON ET AL. V. JANE Y. McCALLUM, SECRETARY OF STATE.

Motion No. 10,430. Decided October 14, 1932.
(53 S. W., 2d Series, 768.)

*Griffin, Kimbrough & Cox,* of McAllen, *Ocie Speer,* of Austin, and *Harbert Davenport,* of Brownsville, for relators.

*L. J. Polk,* of Pharr, and *E. A. McDaniel,* of McAllen, for interveners.

PER CURIAM.—Bryce Ferguson, Fred E. Bennett and Homer L. Leonard, as relators, applied on yesterday, for leave to file in the Supreme Court their petition for mandamus against Jane Y. McCallum, the Secretary of State, to compel the latter to certify the names of relators, respectively, as non-partisan or independent candidates for the respective offices of

District Judge for the 92nd Judicial District, District Judge for the 93rd Judicial District, and Representative for the 73rd Legislative District. In such petition, all necessary facts are alleged which, under the provisions of Articles 3159 and 3160 of the statutes, would ordinarily call for the certification by the respondent of the name of the relator, Bryce Ferguson, as independent or non-partisan candidate at the general election on November 8, 1932, for the office of District Judge of the 92nd Judicial District, which district is composed of Hidalgo County alone. The averments of said petition also show a similar situation with respect to the certification by the respondent of the name of Fred E. Bennett, as a non-partisan or independent candidate for the office of District Judge of the 93rd Judicial District; as well as that of Homer L. Leonard as non-partisan or independent candidate for the office of Representative of the 73rd Representative District.

The lateness of the application for leave, together with other circumstances, justify us, however, in considering the facts and situation disclosed by the record of another case involving the same parties, which was before us but a few days ago. On October 8, 1932, the Supreme Court answered a certified question propounded by the Court of Civil Appeals for the 3rd Supreme Judicial District, in a case pending in the latter court, on appeal, styled R. M. Bounds et al. v. Jane Y. McCallum, Secretary of State, et al., 122 Texas, 116, 52 S. W. (2d) 1042. That case was originally filed in the District Court for the 53rd Judicial District, Travis County. The plaintiffs in that suit, R. M. Bounds and others, by proper pleading, sought to enjoin the certification by the Secretary of State, and the printing on the official ballot at the coming November election, the names of these relators, respectively, both as the nominees of the Good Government Party of Hidalgo County for said respective offices, and as non-partisan or independent candidates for those offices. The various parties concerned, including the relators herein, were parties to that suit. The relators here, as defendants in that suit, filed their answer therein in which they claimed rights only as nominees of the Good Government Party of Hidalgo County, Texas.

The trial court heard the petition of said plaintiffs in said suit for injunction, and the answers of said defendants thereto, all interested parties appearing at said hearing; thereupon the trial court entered an order enjoining the several defendants as prayed by the plaintiffs, with respect to the certification, and the placing on the official ballot, of the names of these relators

as non-partisan or independent candidates for the respective offices.in question; but in and by said order the trial court refused to enjoin the certification of the names of these relators, and the printing thereof on the official ballot, as nominees of the Good Government Party of Hidalgo County for said respective offices.

An appeal from said order to the Court of Civil Appeals for the 3rd Supreme Judicial District was prosecuted by the plaintiffs in said suit, R. M. Bounds and others. In that appeal there was no complaint made by anyone of the action of the trial court in enjoining the certification and printing on the official ballot of the names of these relators as non-partisan or independent candidates for the offices in question. While said appeal was pending in the last named court these relators, together with other interested parties in that suit, by joint motion, moved that court to certify the controlling question in the case to the Supreme Court for determination, which question, so they alleged in substance and effect, had reference solely to the right asserted by Ferguson, Bennett and Leonard, respectively, to have their names certified and placed on the official ballot as nominees of the Good Government Party of Hidalgo County for said offices. This joint motion of the parties was granted by said court and the court certified to the Supreme Court the question it did in response to such motion. At the hearing of said certified question these relators, through their attorneys, as well as the appellant, R. M. Bounds and others, through their attorneys, appeared and submitted arguments in the case. In answer to said certified question the Supreme Court held in effect that these relators were not entitled, as nominees of the Good Government Party of Hidalgo County, to have their names certified by the Secretary of State or placed on the official ballot at the coming November election.

■■ In view of the foregoing facts and circumstances we have concluded, not only that the relators, because of their conduct, will not be heard to claim, at this late hour, the relief sought, but further that the Secretary of State, because of the injunction from the 53rd District Court, under which she rests, was justified in refusing to certify the names of relators as non-partisan or independent candidates.

Leave to file said petition for mandamus is refused.