CLIFTON ANDERSON v. A. A. ALDRICH, COUNTY CHAIRMAN, ET AL.

No. 7466.  Decided October 12, 1938.
(120 S. W., 2d Series, 91.)

*Henry Adams* and *Earl P. Adams,* both of Crockett, for relator.

*C. C. Chessher,* of Groveton, for respondent.

PER CURIAM.

Relator Anderson has filed in this Court a petition for writ of mandamus to compel respondent Aldrich, as county chairman of the Democratic executive committee of Houston County, and the committee, to declare relator Anderson the nominee of the Democratic party for the office of county commissioner of precinct No. 4 of said county and to certify relator's name as such nominee to the county clerk of said county.

At the Democratic primary election held on August 27, 1938, being the second primary election, relator Anderson and respondent English were candidates for the nomination to said office. On September 3, 1938, the first Saturday after the said primary election, the Democratic executive committee of the county opened and canvassed the returns and found and declared that relator Anderson had received a majority of the votes cast for the nomination to said office.

Respondent English, on September 3, 1938, filed with the Democratic executive committee of the county a contest of relator Anderson's nomination, and the committee, after hearing the contest, entered on September 10, 1938, its order deciding the contest in favor of respondent English and by its said order found, declared and certified that said respondent had received a majority of the votes cast at the said election for the office of county commissioner of precinct No. 4 of Houston County and declared respondent English the nominee of the Democratic party for the said office. No appeal has been taken from such decision of the contest by the executive committee.

Relator Anderson, however, before the county chairman of the executive committee certified to the county clerk the committee's decision of said contest, filed suit in the district court of Houston County to restrain the chairman and the committee from further proceeding with the contest and from certifying to the county clerk the name of respondent English as nominee to said office and for mandamus to compel the certification of the name of the relator Anderson as the nominee. A temporary restraining order was issued, but on hearing the case the district court dissolved the restraining order and denied to the relator all relief sought by him in said suit, except that it directed the Democratic executive committee of the county to proceed no further with the contest until legal notice was had upon the contestee. On appeal to the Court of Civil Appeals from said judgment of the district court the cause was by the Court of Civil Appeals on October 6, 1938, dismissed as moot. That court however qualified, or undertook to qualify, its judgment dismissing the cause as moot by directing the county clerk of Houston County to return to the Democratic Executive Committee of Houston County a certificate in which the name of respondent English had been certified as nominee and which certificate had been delivered to the county clerk pending the appeal. It appears from the opinion of the Court of Civil Appeals that it so qualified its order dismissing the cause as moot, because the certificate was delivered by the executive committee to the county clerk in defiance of the order of the district court.

1, 2 As has been shown, the executive committee heard the contest filed with it by respondent English, decided it in his favor and declared him to be the nominee. Its decision became 'final when no appeal was taken to the district court as is provided by Article 3151 of the Revised Civil Statutes. There are no facts alleged in the pleadings in this Court, or admitted, which show, or from which it can be concluded, that the executive committee was without jurisdiction to hear the election

contest or that its decision of the contest was void. In determining whether the writ of mandamus should issue, no effect can be given to the suit filed by relator in district court, to the judgment of that court or to what may have been found or decided by the Court of Civil Appeals other than its judgment dismissing the cause as moot, for judgment of dismissal for such reason renders nugatory everything occurring in the cause prior to such dismissal. There is left the final decision of the executive committee. That final decision negatives the existence of relator's asserted right to the nomination, even though a certificate giving the result of such decision is not in the hands of the county clerk or on file in his office.

Accordingly the application for writ of mandamus is refused. Since an emergency exists on account of the early date of the election, the judgment this day rendered is final and no motion for rehearing will be entertained.

Opinion delivered October 12, 1938.