# OCTOBER 26, 1938

I. J. BENAVIDES V. CHARLES O. ATKINS, COUNTY
CHAIRMAN, ET AL.

No. 7469. Decided October 13, 1938.
Opinion filed October 26, 1938.
(120 S. W., 2d Series, 415.)

*F. G. Garza* and *Kennedy Smith,* of San Antonio, for relator.

*É. G. Lloyd, Jr.,* of Alice, for respondents.

PER CURIAM.

Relator Benavides by petition for writ of mandamus filed in this Court seeks to compel respondent Atkins, as county chairman of the Democratic executive committee of Brooks County, and the committee, to certify relator's name to the county clerk of said county as nominee of the Democratic party for the office of county and district clerk of Brooks County, and to compel respondents Orth and Brooks as county clerk and county judge and members of the election board of the county to cause the name of relator as such nominee and candidate at the general election to be posted and to be printed on the official ballot.

Relator Benavides and respondent Orth were the only candidates for the nomination to the office of county and district clerk in Brooks County at the primary election held by the Democratic party on July 23, 1938. The Democratic executive committee of the county on July 30, 1938 met, canvassed the returns and declared that relator Benavides had received a majority of the votes cast at the said primary election for the nomination to said office. On the same day, July 30, 1938, respondent Orth filed with the Democratic executive committee of the county a contest of relator Benavides' nomination. The committee heard the contest and on August 9, 1938, decided it in favor of respondent Orth, declaring him to have been duly nominated at such election. On relator's appeal from such decision of the committee to the district court of Brooks County and after trial de novo of the contest, the court rendered its judgment on September 23, 1938, in favor of respondent Orth. Relator appealed from said judgment to the Court of Civil Appeals at San Antonio, which court by judgment rendered October 5, 1938, affirmed the judgment of the district court. On motion for rehearing, however, the Court of Civil Appeals on October 8, 1938, reversed the judgment of the district court as erroneous and further held that there was insufficient time to permit a retrial of the cause and dismissed "the contest and proceedings."

It is shown that on August 9, 1938, the day on which the Democratic executive committee of the county decided the election contest in favor of respondent Orth, the chairman of the committee issued a certificate declaring that said respondent had received a majority of the votes cast at the said primary

election for nomination to the office of county and district clerk and on the same day filed the said certificate in the office of the county clerk. It further appears from the allegations in the petition not controverted that, notwithstanding the final judgment of the Court of Civil Appeals dismissing the election contest, the chairman of the executive committee and the committee have refused to certify the name of relator to the county clerk as nominee of the Democratic party for the office of county and district clerk, that respondent Orth as county clerk has refused to post relator's name as such nominee and that respondent Orth, as county clerk and a member of the county election board, and respondent Brooks, county judge, as a member of the county election board, have refused and will refuse to cause relator's name to be printed upon the official ballot for the general election as candidate of the Democratic party for the office of county and district clerk.

The principal contention made by respondent Orth is that, in virtue of the certificate made by the chairman of the Democratic executive committee and filed in the office of the county clerk on August 9, 1938, declaring that respondent Orth received a majority of the votes, and because relator has filed no contest of said certificate and no formal proceeding to determine its validity, he, Orth, is entitled to have his name posted and printed on the ballot as a nominee of the Democratic party for said office. Relator takes the position that no effect whatever can be given to said certificate, because the executive chairman had no authority to issue it while the election contest was pending, relator having filed notice of appeal to the district court from the committee's decision immediately and having perfected his appeal and removed the cause to district court for trial de novo within the time provided by the statute, and further because the effect of the appeal to the district court for trial de novo was to vacate the committee's decision of the contest and to deprive the committee and its chairman of power to enforce that decision.

■ We sustain relator's contention. Article 3150 of the Revised Civil Statutes, which gives the executive chairman authority to certify the committee's decision of an election contest to the officials charged with the duty of preparing the official ballot, provides that when the committee has decided the contest the chairman shall certify its findings "unless notice of appeal to district court is given," plainly implying that when notice of appeal to district court is given and the appeal perfected the committee's decision shall not be certified. Article 3151 gives

either party to an election contest originally filed with the executive committee the right to appeal from the committee's final decision to the district court and provides that the contest shall be tried de novo by the court. Relator's action in filing notice of appeal and perfecting the appeal in the manner and within the time required by this article of the statutes not only deprived the committee's decision of finality but vacated it. and rendered it in effect a nullity. To sustain respondent's contention and to give effect to the certificate issued by the executive chairman on August 9 would destroy the right of appeal and trial de novo.

■ The Court of Civil Appeals in the appeal of the election contest filed by respondent Orth, after having found that the judgment of the district court should be reversed for error and after having determined that there was insufficient time to permit a retrial of the cause, rendered the correct judgment, the dismissal of the contest and proceedings. McWhorter v. Northcut, 94 Texas 86, 58 S. W. 720; Riggins v. Richards, 97 Texas 526, 80 S. W. 524; Sterling v. Ferguson, 122 Texas 122, 53 S. W. (2d) 753; Thomason v. Seale, 122 Texas 160, 53 S. W. (2d) 764; Oliver v. Freeland, 74 S. W. (2d) 711. This dismissed the contest which had been instituted before the executive committee as well as the cause in district court, since the contest before the committee, when the contestant elects to proceed there instead of filing suit in the district court, is the basis for and the first step in the cause thereafter tried de novo in district court by way of appeal from the committee's decision. The same conclusion follows from the fact that the committee's decision is vacated by the giving of notice of appeal and perfecting appeal to the district court.

■ After such dismissal of the election contest there remained the committee's determination and declaration after canvassing the returns that relator had received a majority of the votes cast at the primary election for the nomination to the office, and it was and is relator's right to have his name certified to the county clerk and posted and printed on the ballot as the nominee.

The important difference between cause No. 7466, Anderson v. Aldrich, decided by this Court on October 12, 1938, 131 Texas, 629, and this case is that in that case the relator was denied the writ because of the committee's decision of the election contest against him, which decision was final and effective because no appeal was taken from it, whereas here the election contest has been dismissed as moot and relator's right rests

upon the committee's first action in canvassing the returns and declaring that relator had received a majority of the votes.

■ Respondents question the jurisdiction of this Court in this proceeding to issue writ of mandamus against the county clerk and the county judge, making the contention that the statute (Chapter 4, Acts 4th Called Session 41st Legislature, Article 1735a Vernon's Annotated Texas Statutes) confers original jurisdiction upon the court to issue the writ of mandamus against chairmen, committees and primary election officers of political parties and not against county officials. In this case the relator seeks the issuance of writ of mandamus against respondents, the chairman and members of the Democratic executive committee of the county, as well as against the county clerk in his official capacity and the county clerk and county judge as members of the county election board. The court has, in our opinion, authority to issue the writ against the county clerk and county judge in such capacities, because it appears from the facts of the case that the issuance of such writ is necessary to make fully effective the relief to which relator is entitled against the chairman and members of the Democratic executive committee. Furthermore, the statute regulating the holding of primary elections imposes upon the county clerk the duty to post the names of those who have been nominated at primary elections and to cause their names to be printed on the official ballot. Articles 3129, 3131, Revised Civil Statutes of 1925. In the performance of such duties so imposed and to compel their performance in a proper case the county clerk, in our opinion, may be regarded a primary election officer.

The application for writ of mandamus is granted and the writ will issue in accordance with the prayer in relator's petition. Since an emergency exists on account of the early date of the election, the judgment rendered is made immediately final and no motion for rehearing will be entertained.

Judgment rendered October 13, 1938.

Opinion filed October 26, 1938.