Miron A. LOVE, Relator,

v.

W. D. MILLER, County Clerk et al., Respondents.

No. 13381.

Court of Civil Appeals of Texas.

Houston.

Sept. 24, 1958.

J. Edwin Smith, Houston, and Smith & Lehmann, Houston, of counsel, for appellant.

Jack Binion, Frank J. Knapp, Clarence Lohman, Newton Gresham, F. T. Baldwin, George D. Neal and Wm. N. Bonner, Houston, for respondent Arnold H. Krichamer. Butler, Binion, Rice & Cook, Houston, of counsel.

Joe Resweber, County Atty., and W. R. Ellis, Asst. County Atty., Houston, for respondents Miller, Casey and Kern.

PER CURIAM.

This action, upon leave being granted, was instituted as an original proceeding on September 16, 1958, by Miron A. Love under the provisions of Art. 1735–a, Vernon's Ann.Texas St., seeking the issuance of a writ of mandamus ordering the respondents, W. D. Miller, Bob Casey, and C. V. (Buster) Kern, the County Clerk, County Judge, and Sheriff, respectively, of Harris County, Texas, in their capacities as the Election Board of the county, and as party officials, to publish and post the name of the relator, Miron A. Love, as the Democratic nominee of the Democratic Party for the unexpired term of the office of Judge of the Criminal District Court No. 3 of Harris County, Texas, and to print his name on the

General Election ballot as such nominee, and futher seeking to enjoin the respondents in their aforesaid capacities from posting and publishing the name of the respondent, Arnold H. Krichamer, as the Democratic nominee for said office and from printing his name on the General Election ballot as the nominee for that office.

Upon the hearing of this cause, relator's counsel, with the consent of counsel for the respondents, tendered to this Court a signed carbon copy of an instrument styled: "Minutes of the Meeting of District Committee of Democratic Party."

Inasmuch as this cause involves the efficacy of the action which this exhibit purports to reflect and because it states much of the factual background which occasioned the lack of a candidate for the office of Judge of the Criminal District Court No. 3 of Harris County, Texas, appearing on the ballot in the Harris County Democratic Primary, the exhibit is being here set forth in its entirety. It reads as follows:

"Minutes of Meeting of District Committee of Democratic Party.

"A meeting of the District Committee of the Democratic Party for the District comprising the Criminal District Court No. 3 of Harris County, Texas, was duly held August 27, 1958 at the offices of Cyril J. Smith, 751 San Jacinto Building, Houston, Texas.

"Present was Cyril J. Smith, Chairman of the Harris County Democratic Executive Committee, the only member of said District Committee.

"Mr. Smith called the meeting to order and declared it open for such business as might regularly come before it.

"It appeared that Mr. Smith had previously qualified as a member of said District Committee by taking the oath of office and had accepted and assumed the duties of such office.

"Any call, notice or other formal requirements of the meeting were waived.

"Mr. Smith was selected as Chairman and as Secretary of the meeting.

"It duly appeared as follows: The Honorable A. C. Winborn, Judge of the Criminal District Court No. 3 of Harris County, died June 1, 1958. The territory comprising this district on said date was and still is the one county of Harris County, Texas. Upon the vacancy in said Court becoming known, certain attorneys desiring the Democratic nomination for Judge Winborn's unexpired term filed applications with Cyril J. Smith in his capacity as Chairman of the Harris County Democratic Executive Committee requesting that their respective names be placed on the official ballots for the Democratic general primary of July 26, 1958. They did this, and said Chairman accepted such applications, so as not to prejudice their rights in case Subd. 2 of Art. 13.12 of the Election Code of Texas [V.A.T.S.] was applicable, which provides for the filing of such applications in certain vacancies. However, Mr. Smith informed applicants and other interested parties and publicly announced through the local newspapers, that there was doubt as to the applicability of Art. 13.12, and if it was not applicable and if it was the duty of this District Committee, of which Mr. Smith was the sole member, to select such nominee, that in so doing he would act on the recommendation of the Harris County Democratic Executive Committee, which Committee he represented on said District Committee. Thereafter the Courts held that the names of candidates for said nomination could not legally be placed on the official ballots of said general primary election of July 26, 1958. See Meyers v. Smith, [Tex.Civ.App.] 314 S.W.2d 631. It is the exclusive duty of this District Committee to select such nominee. See second paragraph of Art. 6.04, Election Code of Texas. Upon Mr. Smith's request to the Harris County Democratic Executive Committee to recommend a nominee for the unexpired term of the office of Judge of the Criminal District Court No. 3 of Harris County, that Committee recommended by a substantial

majority vote that this District Committee nominate Miron A. Love, a licensed and practicing attorney of Houston, Harris County, Texas, as the Democratic nominee for said office.

"Therefore, pursuant to said recommendation, and upon his own motion, Mr. Smith, or said District Committee, named, selected and appointed said Miron A. Love as the Democratic nominee for the unexpired term of Judge of Criminal District Court No. 3 of Harris County, Mr. Love's name as said nominee to be placed on the official ballots in the general elections of November 4, 1958 in Harris County, Texas, and further directed that such nomination be certified to the proper authorities.

"There being no further business to come before the meeting, it was adjourned."

/s/ Cyril J. Smith
Sole Member, Chairman and Secretary of the District Committee of the Democratic Party for the District Comprising the Criminal District Court No. 3 of Harris County

■ In this connection it should be stated that Judge A. C. Winborn, by virtue of his election in the General Election in 1956, was elected for a full term of four years as Judge of the Criminal District Court No. 3 of Harris County, Texas.[1] Having assumed the duties of that office on January 1, 1957, his term would not have expired until December 31, 1960, and consequently he would not have been required to run again until the primary election in 1960.

It also appears that Cyril J. Smith on August 27, 1958, over his signature, purporting to act as "Sole Member, Chairman and Secretary of the District Committee of the Democratic Party for the District Com-

prising the Criminal District Court No. 3 of Harris County, Texas", in an instrument addressed to "Hon. W. D. Miller, as County Clerk of Harris County, Texas, and to Hon. Harris County Election Board of Harris County, Texas" stated that he, Cyril J. Smith, "The duly qualified and acting District Committee of the Democratic Party for the District comprising the Criminal District Court No. 3 of Harris County, Texas, (which District is composed only of Harris County, Texas) and the Chairman and Secretary of said District Committee" certified that "Miron A. Love, a licensed and practicing attorney of Houston, Harris County, Texas, was duly named, elected and appointed by said District Committee as the Democratic nominee for the unexpired term of the office of Judge of Criminal District Court No. 3 of Harris County, Texas" and that his name as such nominee be placed on the official ballots in the General Election of November 4, 1958, in Harris County, Texas. It also recited that such nomination had been made at a meeting of the District Committee of the Democratic Party for the District comprising said Criminal District Court No. 3 of Harris County, Texas, held on August 27, 1958, at 751 San Jacinto Building, Houston Texas.

A similar certificate, although not identical in form, dated, sworn to and acknowledged September 13, 1958, was forwarded to Hon. Zollie C. Steakley, Secretary of the State of Texas. After reciting the occasion for the vacancy in the office he certified that the name of the nominee of the District Committee of the Democratic Party for the Criminal District Court No. 3 was Miron A. Love and that Miron A. Love was nominated by said District Committee for the office of Judge of the Criminal District Court No. 3 of Harris County, Texas, at a meeting of said District Committee of the Democratic Party for the District compris-

[1]. We take judicial notice of the fact that Criminal District Court No. 3 of Harris County, Texas, is a one-man district court and the judge thereof is a district officer within the meaning of the Elec-

tion Code. Hamilton v. Monroe, Tex.Civ. App., 287 S.W. 304, adopted by Sup.Ct., 116 Tex. 153, 287 S.W. 306; Bounds v. McCallum, 122 Tex. 116, 52 S.W.2d 1047.

ing said Criminal District Court No. 3, of Harris County, Texas, held August 27, 1958, at 751 San Jacinto Building, Houston, Texas, and that as the District comprising the Criminal District Court No. 3 of Harris County, Texas, is composed of only one county, he, as the County Chairman of the Harris County Democratic Executive Committee, was, ex officio, the sole member for said District Committee. It, too, was signed by Cyril J. Smith in the capacities recited following his signature on the certificate addressed to Mr. Miller and the Harris County Election Board.

On September 8, 1958, the State Democratic Executive Committee, sitting in San Antonio, Texas, adopted a resolution reciting the vacancy in the office of Judge of the Criminal District Court No. 3 of Harris County, Texas; that no Democratic nominee was selected therefor in the Harris County Primary election; and recommended the nomination of respondent, Arnold H. Krichamer, of Harris County, Texas, as the Democratic nominee in the general election for the unexpired term of said office. On September 9, 1958, the Convention Committee to nominate Party officers at the State Democratic Convention, also meeting in San Antonio, reported a resolution to nominate the respondent, Arnold H. Krichamer, as the nominee of the Democratic Party in the general election as Judge of the Criminal District Court No. 3 of Harris County, Texas. The resolution was adopted and approved on the same date by the State Democratic Convention and thus the respondent, Arnold H. Krichamer, was named as the nominee of the Democratic Party in the general election for the office of Judge of the Criminal District Court No. 3 of Harris County, Texas, and his name was certified to the County Clerk of Harris County, Texas, by Maurice R. Bullock, Permanent Chairman of the State Democratic Convention, and directives were given that his name be listed upon the official ballot in the general election as the nominee of the Democratic Party for said office.

Concerning the matter of jurisdiction, it is clear under the provisions of Art. 1735–a, V.A.T.S., this Court is vested with the power and authority to determine the issues raised herein and it is equally clear under the provisions of Articles 13.29, 13.31 and 13.32, Election Code, V.A.T.S., that the respondent W. D. Miller as County Clerk of Harris County is charged with the duty of publishing and posting the name of the nominee of the Democratic Party for the office of Judge of the Criminal District Court No. 3 of Harris County, Texas and of having such name printed on the official ballot for the general election. Likewise, under Article 7.07, Election Code, V.A.T.S., respondents W. D. Miller, C. V. (Buster) Kern and Bob Casey, in their official capacities, constitute the Harris County Election Board of the general election. These respondents, therefore, are Primary election officers under the terms of Article 1735–a, V.A.T.S., and are subject to the writs of mandamus and injunction herein sought. Benavides v. Atkins, 132 Tex. 1, 120 S.W.2d 415. Moreover, this being September 24, 1958, the lack of time to pursue the ordinary remedies of an election contest, declaratory judgment and other actions in the District Court justifies resort to this forum. Williams v. Huntress, 153 Tex. 443, 272 S.W. 2d 87.

In three Points relator asserts that a District Judge of a one-county district court is a district officer as distinguished from a State officer; that under the facts and law the District Committee was a one-man committee; and that Article 6.04, Election Code, V.A.T.S., controls under the facts presented. Consequently, the District Committee, having nominated the relator, the State executive committee and the State convention were without authority to make any nomination.

Respondent Arnold H. Krichamer counters with three Points contending, first, that the Texas Election Code wholly fails to make provision for the naming of a nominee for Criminal District Judge of the Criminal District Court No. 3 of Harris

County, Texas, under the facts presented here; that to construe Article 6.04, Election Code, V.A.T.S., as authorizing a one-man District Committee to nominate a district judge is unreasonable and contrary to and violative of the terms of the statute; and, the Legislature having failed to make specific provision in the statute for the situation here presented, the Democratic Party at its State convention had the right to nominate the respondent, Arnold H. Krichamer.

That portion of Article 6.04, Election Code, which is under consideration here, reads as follows:

"If a state or district official who is serving a four (4) or a six (6) year term should die or resign on the even numbered year in which he is not a candidate, after the filing date of the first primary election and before the printing of the ballot for the general election, the state committee for each political party in the case of state officers and the appropriate district committee for each political party in the case of district officers shall have the power to name a nominee for such position and to certify the name to the proper election board to have the name printed on the general election ballot. In any case where a district committee is empowered to name a nominee and is unable to agree upon a suitable candidate due to a tie vote and fails to do so within twenty (20) days of a general election, the state executive committee of that political party may name a candidate for such position and certify the name to the proper election boards to have the name printed on the official ballot for the general election."

In support of his contention that the Election Code makes no provision for the naming of a nominee for the District Judge of Criminal District Court No. 3 of Harris County under the facts of this case, respondent argues that uncertainties and omissions appear in the Code. As an illustration he cites Williams v. Huntress, 1954, 153 Tex. 443, 272 S.W.2d 87. In that case a Special 37th District Court of Bexar County had been created by the Legislature to become effective September 1, 1954, and a nominee was not chosen in the primary election. The Supreme Court simply held that there was no statute specifically placing the power of appointment (nomination) for a district office arising from the fact that a new office had been created in such a fashion that the nominee was not selected at the regular primary. Consequently it was held that under the settled law where the Legislature has not specifically regulated party affairs, the party itself has the right to prescribe the rules and regulations governing itself, citing Kilday v. Germany, 139 Tex. 380, 163 S.W.2d 184, and Gilmore v. Waples, 108 Tex. 167, 188 S.W. 1037. We fail to see how the omission in the statute of the situation presented in Williams v. Huntress, supra, [272 S.W.2d 88] has any bearing upon this case. We take occasion to point out that the respondent in that case, Mr. Spears, was contending that the Special 37th District Court of Bexar County was a county office and that by virtue of his certificate emanating from the County Convention certifying him as the party nominee he claimed he was entitled to have his name placed upon the ballot as the Democratic candidate for the office in the general election. The Court observed that "it is settled that a one-county District Court is a district office" and that ruling was there applied and followed. Moreover, Article 6.04 of the Election Code was in nowise involved in that suit.

Respondent further argues that there has been an omission on the part of the Legislature to sufficiently define what constitutes a "District Committee," which term is used in Article 6.04, and that such failure renders the provisions of that Article ineffective. He points out by way of contrast that Article 13.18 of the Election Code defines what is meant by "County executive committees," Article 13.34 of the Election Code states the composition of "County and

precinct conventions," and Article 13.38 of the Election Code sets forth the organization of the "State Conventions" and the selection of the "State Executive Committee."

Although recognizing that Article 13.18, Election Code, provides, "Said county chairman shall be ex officio member of the executive committee of all districts of which his county is a part, and the district committee thus formed shall elect its own chairman," respondent contends that this description is too indefinite of the district committee because it is impossible to tell from the Code what the district committee is or of whom it shall be composed.

 With this reasoning we cannot agree. This Court will take judicial notice of the fact that there are many subdivisions of our State known as districts, some of which are composed of single counties and some of various combinations of counties. There are senatorial districts, representative districts, congressional districts, judicial districts, and supreme judicial districts. Every county in the State falls into one district of each category, and each category in turn is divided into separate districts. See Title 8, Apportionment, Arts. 193 through 200, V.A.T.S. By way of illustration, it can be said that because certain counties may be in the same supreme judicial district it does not follow that they are in the same representative district or congressional district. Nor will the fact that two counties are in the same congressional district determine that they are in the same judicial district, senatorial district or representative district. Further illustrations are deemed unnecessary. In each of these districts there are many public offices which must be filled by our elective processes. We believe from a reading of the provisions of Article 13.18, Election Code, providing that the county chairman "shall be ex officio a member of the executive committee of all districts of which his county is a part, and the district committee thus formed shall elect its own chairman" that adequate provision is made to assure each county membership on each of the district committees of the various districts of which it may be a part without attempting the insuperable task of naming them. Therefore, we perceive no reason why each district committee thus formed, irrespective of whether one person or more constitute such committee, cannot exercise such prerogatives as may be vested in it by law.

Respondent, by his last two Points, fervently urges that any construction of the Election Code which would empower a one-man district committee to nominate a judge of a district court is completely unreasonable and violative of the language of the statutes, and that since Art. 6.04 has failed to clearly make provisions for the nomination involved here, the party thus has the right to make the appointment.

Relator says, however, that Art. 6.04 expressly provides for the contingency which has occurred in this instance and that Cyril J. Smith, acting as the district committee, as constituted under Art. 13.18 of the Election Code, was authorized to make the nomination.

The basic question thus posed is that, in construing both of these articles does the term "committee" as used therein necessarily contemplate an essential membership of more than one person?

 From a fair reading of Article 6.04, it clearly provides that upon a vacancy occurring in a district office under the circumstances which here obtain, the district committee of each political party is to be accorded the primary authority to name the party's nominee for that office and to certify his name to the proper election authorities. This statute was enacted in 1951. At that time it was the settled law that a one-county district court was a district office. Hamilton v. Monroe, Tex.Civ.App., 287 S.W. 304; Bounds v. McCallum, 122 Tex. 116, 52 S.W.2d 1047. Also, it appears to be conclusive that the district committee of a district in which a one-county district court is located under the terms of Art.

13.18, Election Code, is necessarily composed of only one member, that member being the county chairman of the executive committee of that county.

The respondent says, however, that the committee must be composed of more than one person. We find no express language in either Article 6.04 or Art. 13.18 of the Election Code which so provides. He reasons, however, that one person cannot compose a committee.

In construing words in common use which have been used in statutes, our Supreme Court, in Texas & P. Ry. Co. v. Railroad Commission, 105 Tex. 386, 150 S.W. 878, 880, has said: "Words in common use when used by the Legislature in a statute are to be understood as intended to express the sense in which they are ordinarily used."

■ Both sides in this case have gone to the dictionaries and encyclopedias for definitions of the word "committee". It must be said that no great light has been shed upon this subject by many of the references. The most pertinent, however, appear to be those contained in Black's Law Dictionary, 3d Edition, 133; Cyclopedic Law Dictionary, 1922; 12 Corpus Juris. 150; and 15 C.J.S. p. 585. These works reflect that the term "committee" has been in numerous instances used to mean a person as well as a body of persons. The most concise statement is that appearing in 15 C.J.S. page 585, where the term "committee" was defined as "A person or persons to whose consideration or determination certain business is referred or confided." Respondent lays considerable emphasis on the language contained in Art. 6.04, which provides "in any case where the district committee is empowered to name a nominee and is unable to agree upon a suitable candidate due to a tie vote * * * the state executive committee of the political party may name a candidate for such position * * *". This provision, so respondent contends, refutes the idea that a one-man committee can act because there can be no tie vote on a one-man committee.

In our opinion, Article 6.04 contemplates committees which consist of any number of members. Respondent, arguendo, refers to Article 13.56, Election Code, concerning nominations for state, district and county offices where the party nominee may die or decline his nomination before election. It is there provided that in such event "the executive committee of a party, or a majority of them for the State, district or county, as the office to be nominated may require, may nominate a candidate to supply the vacancy." That article, of course, is not involved in this case. Its provisions appear to be differently worded and we see no occasion for attempting to construe it in connection with the issues herein.

Under the interpretation of Articles 6.04 and 13.18 which the respondent would apply, the district committee of a one-county district office in which the officer would serve would be stripped of the privilege to name a nominee for that office although all other districts in the state comprising two counties or more would be privileged to name a nominee simply because those districts would encompass two or more counties and would therefore have two or more members on the district committee as composed under the provisions of Art. 13.18.

Further, we are unable to agree that it can be said that it is unreasonable to permit one person acting as a district committee to select the nominee of a one-county district court when admittedly two persons on a two-county district committee can select the nominee for a two-county district court under the same statutory provisions in question.

It is apparent, in our opinion, that the only construction which can be placed upon Art. 6.04 is one which gives the primary right to the district committee upon the contingency there provided for, to select the nominee for the district office irrespective of whether that committee is composed of one or more members.

What has heretofore been said, in effect, if not expressly disposes of respondents' third Point, contending that the Democratic

Party had the power to make the nomination for the district office in this case.

Most of the authorities which are cited under this Point have heretofore been discussed and distinguished. This is particularly true of Williams v. Huntress, 153 Tex. 443, 272 S.W.2d 87. Brewster v. Massey, Tex.Civ.App., 232 S.W.2d 678, decided in September, 1950, involved a somewhat similar fact situation. Our election laws at that time, however, did not include that provision now found in Art. 6.04. See 1925 R.S. Article 2979. That being true, Mr. Brewster, who had received the Democratic party's nomination for judge of the 126th District Court in Tarrant County at the regular state convention, was held to be entitled to have his name placed on the ballot. In our opinion, the new provision as contained now in Art. 6.04 was incorporated in the 1951 Election Code for the express purpose of permitting the party's nominee for a district office to be selected on the district level rather than on the state level.

Kilday v. Germany, 139 Tex. 380, 163 S.W.2d 184, and Stanford v. Butler, 142 Tex. 692, 181 S.W.2d 269, 153 A.L.R. 1054, are each clearly distinguishable in that they obviously involved unusual circumstances which were not covered by the then existing election laws.

Respondents' Points One, Two and Three, therefore, are overruled.

We are uncertain whether respondent is urging this point in view of its treatment in the briefs, but it has been considered. Here the contention is made that relator appeared with his counsel before the State committee to nominate party officers on September 9, 1958, and contended that he was the rightful party to have his name placed on the ballot in the general election and that by reason of such appearance he is estopped to bring this proceeding. By a sworn reply relator says that he never appeared before the State executive committee concerning his nomination, nor did he submit any contest before the nomina-

tions committee of the Democratic state convention. He further states that Mr. Chris Dixie appeared in his behalf before the nominations committee for the sole purpose of arguing the point of order raised by the nominations committee member, Edgar L. Ball, that neither the State executive committee nor the nominations committee, nor the State convention had jurisdiction to nominate for the reason that the nomination had been made under Art. 6.04 of the Election Code.

We find no facts here which would work an estoppel against the relator in bringing this action, and no authorities have been cited to sustain such contention. It is, therefore, overruled.

It is our opinion that the relator's petition for writs of mandamus and injunction is well taken and should be granted. Let the writs as prayed for be issued. The costs are taxed against the respondents.

By reason of the shortness in time between this date and the date of the general election, no motion for rehearing will be entertained in this matter.