

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 19, 1962

Mr. Frank Lake
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. WW-1451

Re: Nominations by the
Constitution Party
of Texas

You request our opinion on three questions which relate to whether you should certify as candidates for the general election in November, 1962, the nominees for certain State and District offices certified to you by the Constitution Party of Texas.

Your questions are:

"1.  Are the provisions of Section 1 of Article 13.47a, Vernon's Texas Election Code, applicable to the Constitution Party of Texas?

"2.  a) May nominations for district offices be made by the Constitution Party of Texas at a State Convention?

b) If such question is answered in the negative, then in your opinion which of the offices shown on the attached list are district offices?

"3.  May such party nominate at its State Convention a person for any office other than the specific office set forth in the application which such person requested that his name be placed before the Convention?"

You have furnished a photostatic copy of:

1.  A Certificate of Nomination dated May 28, 1962, signed and sworn to by the Chairman and Secretary of

the Constitution Party State Executive Committee.

2.  A letter addressed to you dated June 23, 1962, from the State Chairman of the Constitution Party and which is signed and sworn to by him.

This letter apparently was meant to supplement the original Certificate of Nomination hereinabove mentioned.

You inform us that the Constitution Party did not have a nominee for Governor in the last preceding general election.

We answer your questions in their numerical order.

All Articles referred to are those of Vernon's Texas Election Code.

1.

Our answer to your first question is that Article 13.47a, Sec. 1, does apply to all of the nominees certified to you.

The Constitution Party did not name a nominee for Governor in the last preceding general election. Therefore, it is classified as a kind of party designated by and controlled by Art. 13.46 and not by either Art. 13.45 or Art. 13.02. The Constitution Party chose to nominate all of its officers by convention, as authorized by Art. 13.46. Art. 13.47a, Sec. 1, applies to nominations by any party of the class named in Art. 13.46 when that party nominates for state and district offices by convention.

The revision and recodification of the election laws in 1951 (Acts 52nd Leg., 1951, Ch. 492, p. 1097) by Sec. 223, which is codified by Vernon as Art. 13.46 of the Texas Election Code, created a new class of political parties. This article reads:

> "The State Committee of political parties which are not required by law to make nominations by a primary election shall meet at some place in the State to be designated by the chairman thereof on the second Monday in February and

> shall decide, and by resolution declare, whether they will nominate State, district and county officers by convention or primary elections, and shall certify their decision to the Secretary of State."

The only parties required by law to make nominations by a primary election are those described in Art. 13.02, which are those which cast 200,000 votes or more for governor at the last general election.

Art. 13.47a, Sec. 1, reads as follows:

> "Sec. 1. No person shall be nominated by any state, district, or county convention held pursuant to Articles 222, 223 and 224[1] of this Code unless he has filed with the chairman of the appropriate executive committee an application requesting that his name be placed before the convention as a candidate for nomination. The application shall conform to the requirements of Article 190 of this Code (Article 13.12, Election Code, Vernon's Texas Civil Statutes), and shall be filed in the same manner and within the time prescribed by that Article, except that it shall request that the candidate's name be placed before the convention instead of requesting that his name be placed on the general primary ballot."

This Article expressly governs political parties of the class covered by Article 13.46 when such parties shall nominate by convention.

### 2.

Subdivision a) of your second question asks whether nominations for district offices may be made by the Constitution Party at a State Convention. Our answer is "No".

---

[1]Articles 13.45, 13.46 and 13.47 of Vernon's Texas Election Code.

Articles 13.47, 13.47a and 13.12 all control nominations for district offices by political parties governed by Art. 13.46 when such parties nominate by convention. These articles require that nominations for district offices by such parties be made at district and not state conventions.

Art. 13.47 requires that,

> "Nominations for district offices made by such parties shall be made by conventions held on the Saturday preceding the last Tuesday in May . . ." (underscoring added).

We have already held in this opinion that the Constitution Party at this time is governed by Art. 13.46. We further hold that the phrase "such parties" in Art. 13.47 refers to parties governed by Art. 13.46. Art. 13.47a expressly states that any person nominated by any state, district, or county convention held pursuant to Art. 13.46 and 13.47 is subject to its provisions and also to the requirements of Art. 13.12. Art. 13.12 expressly requires that requests of persons desiring nomination,

> ". . . shall be filed with the State chairman in the case of state-wide races, with the district chairman in the case of districts consisting of more than one (1) county, and with the county chairman in case of county and precinct officers; . . ."

Subdivision 3 of Art. 13.12 authorizes such requests as to district offices consisting of more than one county to be filed with the chairman of each county composing the district when there is no chairman of the district executive committee. Art. 13.48 requires that,

> "All nominations so made by a State or district convention shall be certified by the chairman of the State or district committee of such party . . ."

These articles considered together make clear the Legislative intent that nominations for district offices by the Constitution Party in 1962 must have been made at a district and not a state convention. Love v. Miller, 316 S.W.2d 269 (Civ. App. 1958).

3.

In answer to Subdivision b) of your second question which asks which of the offices shown on the Certificate of Nomination are district offices:

The classification "state office" includes Governor, Lt. Governor, Railroad Commissioner, Comptroller of Public Accounts, State Treasurer, Commissioner of General Land Office, and Commissioner of Agriculture. Also the office of Congressman-at-Large is a state office in that it also is filled by the choice of voters of the entire State.

District offices are those filled by the voters of a district, as opposed to State, county and precinct offices. The office of Congressman we hold to be a "district office" even though two of the congressional districts under consideration, Districts 8 and 22, are each composed of a part only of Harris County. Art. 197a, Vernon's Civil Statutes. The geographical area from which Congressmen are elected is designated by this Article as "Congressional Districts". We hold that the office of State Senator and State Representatives are "district offices". Art. 193 and 195, V.C.S. Little v. State, 75 Tex. 616, 12 S.W. 965 (1890); Bounds v. McCallum, 122 Tex. 116, 52 S.W.2d 1047 (1932); Hamilton v. Monroe, 287 S.W. 304 (Civ. App. 1926, error dism. w.o.j., 287 S.W. 306); Love v. Miller, supra.

4.

We answer your third question, "No". Section 1 of Art. 13.47a (supra) prohibits nomination by the Constitution Party of any person for any office other than the office for which he made application. Though neither Art. 13.47a nor Art. 13.12 states expressly that the person filing the application must specify the particular office for which he applies, yet Art. 13.12 necessarily implies that a particular office be designated. The application under Art. 13.47a must conform to the requirements of Art. 13.12.

The following authorities are relevant to your consideration of facts not shown on the face of the Certificate of Nomination and other instruments furnished to you. Weatherly v. Fulgham, 153 Tex. 481, 271 S.W.2d 938 (1954); and Opinions of the Attorney General, Nos. V-1529 (1952), WW-1359 (1962) (next to last paragraph), and WW-943 (1960).

On October 1 we gave to you our oral answers to the foregoing questions. Upon your request, we have restated

those answers with our reasons in support of them in this written opinion.

## SUMMARY

1.  The Constitution Party at this time is one of the class of political parties controlled by Art. 13.46.

2.  Nominations by this party at this time when made by convention are subject to the provisions of Art. 13.47a.

3.  Nominations by this Party for district offices may be made at a district and not a state convention.

4.  The following are "state offices" within contemplation of Art. 13.47a: Governor, Lt. Governor, Railroad Commissioner, Comptroller of Public Accounts, State Treasurer, Commissioner of General Land Office, Commissioner of Agriculture, and Congressman-at-Large.

The following are "district offices" under the terms of this Article: Congressman, State Senator and State Representative.

5.  At its state and district conventions this party could not nominate any person for any office other than the office for which that person had made application pursuant to Art. 13.47a.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: W. E. Allen
Assistant Attorney General

WEA:pw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Pat Bailey
Iola Wilcox
Gordon Zuber


REVIEWED FOR THE ATTORNEY GENERAL:
By:  Leonard Passmore