

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 31, 1975

The Honorable Jack E. Benson
Tarrant County Auditor
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. H-656

Re: Whether a criminal district
attorney may be granted a salary
increase in mid-year without
following the grievance procedure
of article 3912k, V. T. C. S.

Dear Mr. Benson:

You have requested our opinion regarding whether a criminal district
attorney may be granted a salary increase in mid-year without following the
grievance procedure of article 3912k, V. T. C. S.

Section 2(a) of article 3912k provides:

> The salaries, expenses, and other allowances of elected
> county and precinct officers shall be set each year during
> the regular budget hearing and adoption proceedings on
> giving notice as provided by this Act.

In Attorney General Opinion H-11 (1973), we construed this section to mean
that the salaries of elected county and precinct officials, having once been
set at a regular budget hearing, may not be increased during that fiscal year.
Thus, if a criminal district attorney may be deemed an elected county or
precinct officer, his salary may not be increased in mid-year unless he
invokes the grievance procedure provided by section 2(d) of article 3912k.

We believe it is clear that a criminal district attorney is a district
officer rather than a county officer. A criminal district attorney is one "class
or kind of district attorneys." Hill County v. Sheppard, 178 S. W. 2d 261, 263
(Tex. Sup. 1944). Furthermore, the term "criminal district attorney" means
simply "an attorney for a criminal district court." Id., at 263. In Williams
v. Huntress, 272 S. W. 2d 87 (Tex. Sup. 1954), the Supreme Court held that
even a one-county district court is a "district office." Id., at 88. See also
Bounds v. McCallum, 52 S. W. 2d 1047, 1049 (Tex. Sup. 1932).

In addition, article 6.05c, Texas Election Code, in listing the order in which offices must appear on an election ballot, groups the offices into five categories: federal, statewide, district, county and precinct. The offices of both district attorney and criminal district attorney are included under the category of "district office." Finally, article 3912e, V. T. C. S., repeatedly recognizes a distinction between "district officers," "county officers," and "precinct officers." Sections 1, 19(h), 19(l), 19(n), 19(q). We believe that these statutory references confirm the implication of Williams v. Huntress, supra, that a criminal district attorney, even though his district comprises only a single county, is a district officer rather than a county or precinct officer. Accordingly, it is our opinion that the salary payments to the criminal district attorney are not controlled by section 2 of article 3912k.

### SUMMARY

A criminal district attorney is a district officer rather than a county or precinct officer and, as such, is not required to follow the grievance procedure of article 3912k in order to receive a salary increase.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb