GRAVES et al. v. COMMISSIONERS' COURT OF MILAM COUNTY et al. (No. 6155.)

(Court of Civil Appeals of Texas. Austin. Feb. 18, 1920.)

INJUNCTION ⊂⊃129(1)—MOOT CASE PROPERLY DISMISSED.

Where suit was brought to enjoin a commissioners' court from paying and an abstract company from receiving money under a contract alleged to be invalid, and the defendants appeared on the trial and moved that the suit be dismissed, and showed that they had voluntarily rescinded the contract, the court properly dismissed the case.

Appeal from District Court, Milam County; John Watson, Judge.

Suit by Thos. H. Graves and others against the Commissioners' Court of Milam County and another. From a judgment dismissing the suit, the plaintiffs appeal. Affirmed.

W. A. Morrison, of Cameron, for appellants.

Henderson, Kidd & Henderson, of Cameron, for appellees on motion to dismiss.

JENKINS, J. Appellants brought suit against the commissioners' court of Milam county and the Milam County Abstract Company, to enjoin said court from paying to the abstract company, and the abstract company from receiving, certain moneys, which it was alleged the commissioners' court of Milam county had contracted to pay to the abstract company. It was alleged that the contract was unlawful and void, and that the commissioners' court was threatening to pay the same to the abstract company, and

would do so unless restrained from so doing. Injunction was asked to restrain the commissioners' court from paying said money, and the abstract company from demanding or receiving the same. Temporary injunction was issued as prayed for. When the case was called for trial, the appellees each filed a motion to dismiss the same, for the reason that the parties to said contract had voluntarily rescinded the same, and filed with said motion an order of the commissioners' court to that effect. The district court sustained said motion, upon the ground that the subject-matter of litigation no longer existed. Appellants perfected an appeal to this court from said judgment, contendiing that they had the right to have the court perpetually enjoin the payment of said money, notwithstanding the parties to the contract had voluntarily rescinded the same.

There is no allegation in the record that the commissioners' court was threatening to pay any money to the abstract company, or that the abstract company was demanding any money from the commissioners' court, except upon the alleged contract. This contract having been rescinded, the court did not err in sustaining the motion to dismiss this cause for the reasons stated. The right of appellants to the injunction sought by them depended upon their establishing the invalidity of the alleged contract. Said contract having been voluntarily rescinded, the question of its validity became a moot question, and the courts will not adjudicate such questions.

The appellees paid all costs up to and including judgment of dismissal.

For the reasons stated, motion for rehearing is overruled.

Motion overruled.