MASSA et ux. v. GUARDIAN TRUST CO.
(No. 8541.)

(Court of Civil Appeals of Texas. Galveston. Jan. 24, 1924.)

1. Injunction ⚿152—Plaintiff's failure to introduce evidence on the hearing held to warrant denial of injunction.

In trespass to try title, where plaintiffs alleged that defendant brought an unlawful detainer suit in justice court, secured judgment, and induced plaintiff to execute an acknowledgment of his tenancy by threats, fraud, and coercion, defendant's general denial of the material averments placed the burden of proof of such allegations on plaintiff, and his failure to introduce evidence at the hearing on his' motion for preliminary injunction warranted denial of a temporary injunction pending the suit.

2. Appeal and error ⚿954(1)—Injunction ⚿135—Grant or refusal of temporary injunction discretionary, and unless discretion clearly abused is not reviewable.

Grant or refusal of temporary injunction is within the sound discretion of the district court, and unless the discretion is clearly abused is not reviewable on appeal.

3. Injunction ⚿152—Facts held not to require grant of temporary injunction.

In trespass to try title, facts *held* not to require the granting of a temporary injunction restraining defendant from enforcing his writ of restitution against plaintiff pending the suit.

4. Judgment ⚿443(1)—Judgment not enjoined in absence of fraud.

Equity will not enjoin a judgment rendered in a court of competent jurisdiction in the absence of a showing that it was obtained by fraud or unfair means.

5. Justices of the peace ⚿128(1)—Forcible detainer judgments not enjoined in absence of showing of irreparable injury or fraud.

The district court may not enjoin enforcement of judgments rendered in justice courts in suits of forcible entry and detainer upon the ground that the losing party is asserting title to the property in such district court, in the absence of a showing of irreparable injury, or fraud, etc., since such injunction would defeat the object of the forcible entry statute and delay litigation.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Eugene Massa and wife against the Guardian Trust Company, executor of the estate of Hugh Hamilton, deceased, and others. From an order refusing a temporary injunction, and dissolving a temporary restraining order, plaintiffs appeal. Affirmed.

Niday & Carothers, of Houston, for appellants.

Baker, Botts, Parker & Garwood, Rodman S. Cosby and Winston Carter, all of Houston, for appellee.

⚿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LANE, J. On the 31st day of July, 1923, appellants, Eugene Massa and wife, Theresa Massa, brought this suit in the form of trespass to try title against Guardian Trust Company, a Texas corporation, independent executor of the will of Hugh Hamilton, deceased, and against J. M. Matthews and Frank McNally, justice of the peace and constable, respectively, of precinct No. 2 of Harris county Tex., to recover the title and possession of a certain 10 acres of land situated in said precinct. They alleged that during the lifetime of Hugh Hamilton, to wit, on or about the ——— day of ——— 1918, in recognition of a moral obligation on his part to the said Eugene Massa, he verbally gave, presented, and conveyed to plaintiff said 10 acres of land, together with the improvements thereon, and then and there placed them in possession thereof; that plaintiffs accepted said gift and conveyance, took possession of said property and premises, and have since said date continued in possession thereof down to the present time, using the same as their homestead, cultivating and enjoying the same; that during said occupancy of said property they made repairs on the dwelling house situated thereon, and made other valuable improvements thereon.

Incidentally to their suit for the title to said property, plaintiffs alleged that the Guardian Trust Company, denying said parol conveyance and plaintiffs' right and title to the property, brought suit in the justice court of said J. M. Matthews on the 5th day of March, 1923, in forcible detainer, and that "notwithstanding plaintiffs' title to said land and the assertion thereof on the trial of said cause" judgment was rendered thereon, on the 27th day of May, 1923, in favor of said Guardian Trust Company, Executor, and against plaintiffs, and that a writ of restitution had been issued in said cause against plaintiffs, and was then in the hands of said Frank McNally, constable, and he was threatening to execute the same and to dispossess plaintiffs from their said property, and would do so unless the district court should issue its most gracious writ of injunction, which was accordingly prayed for as against all of the defendants pending the determination of the question of title in the district court. They alleged that the said Eugene Massa had been in impaired health for many years, and that such impaired health was the result of his having been required to work, while in the employ of said Hugh Hamilton, in· an unsanitary place; that his health was still impaired, and for that reason he would be unable to earn a living for himself and family if he should be dispossessed of his home, and that the worry and effort that would attend the execution of said writ of restitution would further endanger and impair his health, and that plaintiffs would thereby suffer irreparable damage and injury; that they have a growing crop on said premises which would be wasted if not given diligent and skilled attention. They alleged further:

"That, after having procured said judgment of ouster and said writ of restitution, and while threatening to have said writ executed and these plaintiffs ousted from their home and property, the Guardian Trust Company, seeking to overreach these plaintiffs, who are not informed in the law, and to clinch and perpetuate their claim to said property as executor aforesaid, and to forestall and prevent these plaintiffs from asserting their right and· title to' said premises, and under threat of immediate ouster if they should refuse to sign, did urge and procure these plaintiffs to sign an acknowledgment of tenancy and renunciation of claim of title to said property, which instrument bears date of May ———, 1923, is in writing, and a substantial copy of which is attached hereto, marked Exhibit A, and made a part of this petition; that plaintiffs signed said document under protest, and because they did not know what else to do to prevent their being thrown out in the street, and fearing the consequences of being ousted from their home in plaintiff's weakened physical condition; that said instrument was wholly without consideration, and does not state the facts, as the defendants well knew; that defendants thereafter placed said document on the public records of Harris county, and the same constitutes a cloud on plaintiffs' title to said property and premises which they are entitled to have removed."

The exhibit pleaded by the plaintiffs is as follows:

"The State of Texas, County of Harris.

"Whereas, the estate of Hugh Hamilton, deceased, is the owner of the following described tract of land, to wit: Sixteen acres out of the eastern part of the Luke Moore league and western part of the Jacob Thomas one-fourth of a league on the S. S. of Brays bayou, about four miles southeastwardly from the courthouse in the city of Houston, said survey begins at the N. W. corner of Dick Lee's 4⁴/₁₀ acres on the east line of Hughes' first purchase of 10¾ acres, thence N. 20 deg. E. 278 varas along the east line of said 10¾ acres to a stake in the gully, thence S. 64 deg. E. along the south line of land previously sold to P. Bowman 440 varas to the center of the B. B. B. and C. R. R., thence southwest 290 varas along the center line of said R. R. to a point opposite Dick Lee's N. E. corner, thence N. ·70 deg. west along Dick Lee's north line to the place of beginning; said land situated in Harris county;

"And whereas, under agreement made between Hugh Hamilton during his lifetime and Eugene Massa, the said Eugene Massa has occupied said land as a tenant at will of the said Hugh Hamilton and of the estate of Hugh Hamilton, deceased, the said Eugene Massa taking care of said premises and ·keeping trespassers off of said premises in return for the privilege of using, occupying and enjoying said tract of land:

"Now, therefore, know all men by these presents: That Eugene Massa and wife, ——— Massa, in consideration of the premises and the further sum of one dollar ($1.00) cash to them

in hand paid by Guardian Trust Company, executor and trustee of the estate of Hugh Hamilton, deceased, the receipt whereof is hereby acknowledged, do herein state, admit and acknowledge that they are occupying the above-described tract of land as tenants at will of the said estate of Hugh Hamilton, deceased, and that they will at any time after July 31, 1923, upon demand deliver possession of said tract of land to the legal representatives of the estate of Hugh Hamilton, deceased, and they do hereby renounce any claim of title to said land. And the Guardian Trust Company, executor of the estate of Hugh Hamilton, shall have the right to erect, place and maintain on said property above described any signs or advertisements it may deem necessary to facilitate the sale of said property, without interference or hindrance from said Eugene Massa or his wife; and shall have the right to enter upon said property at any time, for purposes of inspection of same, or for purposes of showing same to prospective purchasers. And at any time after July 31, 1923, without further notice or demand, the Guardian Trust Company, executor, may enter into and upon said premises or any part thereof in the name of the whole, and repossess the same as of its estate, and expel the said Eugene Massa and wife, and those claiming under him, and remove his effects (forcibly if necessary) without being taken or deemed guilty of any manner of trespass, all and every claim for damages, for or by reason of said re-entry being hereby expressly waived and without prejudice to any remedy which might otherwise be used for possession of said property. It being expressly understood that this is a tenancy at will, which may be terminated at any time after July 31, 1923."

The prayer was for an injunction against the defendants pending the trespass to try title suit. The petition was duly verified.

Upon ex parte hearing by the court of the prayer for injunction the court entered the following order:

"Plaintiffs' prayer for injunction is hereby granted pending a hearing upon said issue which is set for Friday, August 3, 1923, at 9 a. m., and conditioned upon plaintiffs giving bond as provided by law in the sum of two hundred dollars."

Plaintiffs filed the bond as required by said order.

Defendant Guardian Trust Company, executor, denied generally each and every allegation in plaintiffs' petition, pleaded not guilty, and by the sixth paragraph of its answer pleaded as follows:

"Defendant specially denies that the acknowledgment of tenancy set out in paragraph VII of plaintiffs' petition was procured through any force, fraud, or threats, but, on the contrary avers that said instrument was voluntarily signed by the plaintiffs in order to secure the time within which to gather their growing crops, and in order to get a few months' additional rent free. In this connection defendant avers that plaintiffs have never had any interest, right, or title in and to the land described in their petition, but, on the contrary, have at all times been tenants at will and tenants at sufferance of said premises."

On the 7th day of August, 1923, the prayer for injunction was heard by the court and an order was entered refusing the injunction and dissolving the temporary restraining order theretofore granted, but provided that said dissolution order should stand suspended pending this appeal.

Appellants insist that the court heard the application for injunction upon the pleadings of the parties, and upon such pleadings they were, as a matter of law, entitled to the injunction prayed for, and that the court committed reversible error in refusing the same. They admit that they offered no evidence.

The judgment rendered, however, recites that on the 7th day of August the cause came on to be heard on the motion of the defendant to dissolve the preliminary injunction and restraining order theretofore granted, and to deny plaintiffs' prayer for an injunction, and that, having heard and considered the evidence adduced, the preliminary restraining order was set aside, and the prayer for injunction refused.

Notwithstanding these recitals, however, both parties brief the case upon the theory that judgment of the court was upon the petition and answer. We shall consider the case as having been heard and determined upon the verified pleadings of the parties.

[1] The contention of appellants that they are entitled to the temporary injunction prayed for as a matter of law cannot be sustained. In their suit of trespass to try title, appellants, as already shown, alleged the bringing of the forcible entry and detainer suit by appellee in the justice court, the judgment in said suit in favor of appellee, the execution by them of the acknowledgment of tenancy, and that the execution of said instrument was obtained by threats, fraud, and coercion, and under protest. By a verified answer appellee specially denied that said acknowledgment of tenancy pleaded by appellants was procured by force, fraud, or threats, but averred that, on the contrary, said instrument was voluntarily signed by appellants in order to secure time within which to gather their growing crops on said premises, and in order to get a few months' additional rent free, and that as a matter of fact appellants have never owned or held any interest, right, or title in and to said property, but that they have at all times been tenants at will and tenants at sufferance only of said property.

We think that, since appellee, by its verified answer, has negatived the material and pertinent averments of the plaintiffs' petition, the burden of proving said averments was upon appellants, and since they offered no evidence to make such proof the trial court was not, as a matter of law, required to grant the supposed equitable relief prayed

for. Ahrent v. Sprague, 139 Ark. 416, 214 S. W. 68.

In Trimble v. Hawkins (Tex. Civ. App.) 197 S. W. 224, it is held that, where the essential allegations of the plaintiff's petition for an injunction are denied by the verified answer of the defendant, and there is no statement of facts, the appellate court is unprepared to say that the trial court erred in refusing the injunctive relief sought.

[2] It is well settled that the granting or refusal of a temporary injunction is within the sound discretion of the district court, and that the court's action is not reviewable on appeal, unless it clearly appears from the record that there has been an abuse of such discretion. Sutherland v. City of Winnsboro (Tex. Civ. App.) 225 S. W. 63; Houston Electric Co. v. City of Houston (Tex. Civ. App.) 212 S. W. 198; Ward County Water Improvement District v. Ward County Irrigation District (Tex. Civ. App.) 214 S. W. 490; Beirne v. North Texas Gas Co. (Tex. Civ. App.) 221 S. W. 301; Phœbus v. Connellee (Tex. Civ. App.) 223 S. W. 1019.

[3] Assuming, as we must, that the court was authorized to draw conclusions from the petition and answer, and be governed thereby in refusing or granting the injunctive relief sought, we are unprepared to say that it clearly appears that the court abused his discretion in refusing the temporary injunction prayed for. The trial court might have reasonably concluded from the disclosures made by the pleadings that appellants' suit of trespass to try title was brought not in good faith, but only for the purpose of delaying the enforcement of the writ of ouster issued under the judgment in the forcible entry and detainer suit pleaded by the appellants. These pleadings disclose that the suit in the justice court was instituted on the 5th day of March, 1923, and that judgment awarding a writ of ouster was awarded appellee in this case on the 12th day of May, 1923; that Massa and wife executed and delivered to appellee the acknowledgment of tenancy hereinbefore set out, and by this instrument they agreed to give appellee possession of the property in question, as its owner if appellee would permit them to remain thereon until the 31st day of July, 1923, a period of more than two months, free of rent; that, notwithstanding this agreement, Massa and wife, on said 31st day of July, instituted the present suit of trespass to try title and for temporary injunction restraining appellee from enforcing its judgment in the forcible entry and detainer suit. By reason of said acknowledgment of tenancy and the bringing of the present suit, appellants have been enabled to hold possession of the property for almost a year since appellee was awarded the right of possession thereof by a court of competent jurisdiction after a full hearing of the merits of the controversy, and, if the temporary injunction prayed for is granted, and the final trial of this cause continued from time to time for some cause, as it may be, appellee's judgment in the forcible entry case would be suspended for an indefinite period; this, too, in the face of the fact that appellee is amply able to respond to any amount of damages appellants might recover by reason of their being dispossessed of the property, in case it be shown that they were the owners thereof.

Under the facts stated, we can by no means hold that it is apparent that, under the rule of equity the trial court was required to grant the injunctive relief prayed for.

[4, 5] Another reason why the judgment should be affirmed is that the judgment in the forcible entry suit, awarding to appellee the right of possession of the property here involved, was rendered in a court of competent jurisdiction, and there is no allegation in the present suit that said judgment was obtained by fraud, mistake or other unfair means. Equity will not enjoin a judgment rendered in a court of competent jurisdiction in the absence of a showing that the same was obtained by fraud or some other unfair means. Chadoin v. Magee, 20 Tex. 477; Harrison v. Crumb, 1 White & W. Civ. Cas. App. § 992; Smith v. Ryan, 20 Tex. 622; Gibson v. Moore, 22 Tex. 611; Crawford v. Wingfield, 25 Tex. 414; Long v. Smith, 39 Tex. 161; Jones v. Stallsworth, 55 Tex. 138; Lopez v. Rodrigues, 3 Willson, Civ. Cas. Ct. App. § 113; Frazier v. Coleman (Tex. Civ. App.) 111 S. W. 662; Fleming-Stitzer Road Bldg. Co. v. Chastain (Tex. Civ. App.) 241 S. W. 619; High on Injunctions, pars. 325, 340, and 98. We quote from High on Injunctions as follows:

Paragraph 325. "Nor will equity interfere with the prosecution of actions of forcible entry and detainer where it does not appear that a certain and manifest irreparable injury will result unless the relief be allowed, and where there are no allegations of fraud, mistake, or surprise."

Paragraph 340. "Questions growing out of litigation concerning title to real property, and which are properly determinable in a legal forum, will not be recognized as the foundation for relief in equity against the proceedings. And where, under a conviction of forcible entry and detainer, a writ of restitution is awarded the successful party, equity will not enjoin proceedings for the enforcement of the writ upon the ground that complainant in the injunction suit is the rightful owner of the land under an older title. Nor will a writ of restitution be enjoined where no grounds of irreparable injury are shown, and where the real purpose of the bill is to quiet complainant's possession and to suppress future litigation concerning the property."

Paragraph 98. "An injunction will not be allowed against an action of forcible entry and detainer where it does not appear that a certain and manifest irreparable injury would follow the withholding of the relief. The rule rests upon the well-established principle that he who invokes the aid of equity must come

unto the court with clean hands; and in point of law one who is liable for an action of forcible entry and detainer has a taint of wrong about him, and is not, as a matter of right, entitled to the interference of a court of chancery. Nor will the relief be granted in the absence of any allegations of fraud, mistake, accident or surprise."

In Lopez v. Rodrigues, 3 Willson, Civ. Cas. Ct. App. § 113, it is said:

"But if this court had jurisdiction to grant the relief prayed for, it would not grant it, because the petition does not show sufficient ground to authorize the exercise of such power. Such equitable and extraordinary remedies cannot be resorted to, and availed of, when the party seeking them has a full and complete remedy at law. In this case such legal remedy is afforded the appellant. He may have his action for trespass, damages, waste, rents or mesne profits, and any such action is not barred or affected by the proceedings in the forcible detainer suit."

If the district court may enjoin the enforcement of judgments rendered in the courts of justice of the peace in suits of forcible entry and detainer, upon the grounds that the losing party is asserting title to the property in such district court, the object of the forcible entry and detainer statute is liable to be defeated.

As said in Texas Land Co. v. Turman, 53 Tex. 619:

"The cases cited * * * illustrate how valueless this summary remedy becomes when transferred to the district court, and united, as attempted in this case, with an action of trespass to try title. * * * The practical result will be, that in many instances the action will travel through four courts, the justice's, county, district, and Supreme."

And we may add that in districts where courts meet but twice in the year the litigation may be pending for years.

For the reasons expressed, the judgment is affirmed.

Affirmed.