## WIZIG et al. v. JEFFERSON.
### No. 1638.

Court of Civil Appeals of Texas. Waco.
June 21, 1934.

Rehearing Denied Sept. 20, 1934.

Chas. M. Harris, of Mart, for appellants.

J. J. Campbell and Geo. Clark, both of Waco, for appellee.

GALLAGHER, Chief Justice.

This is an appeal from an order granting a temporary injunction upon a verified petition. The facts shown in part by the transcript and in part by the unchallenged allegations of the pleading on which such injunction was granted, are unusual. The transcript shows that this suit was instituted by the state on October 12, 1931, by filing its original petition against Savanah Jasper to recover the sum of $3.32 alleged to be owed by her as taxes for the year 1929 on lot 5, block 10, Witt addition to the city of Waco, and for foreclosure of tax lien on said lot. Said Savanah Jasper was alleged to be non compos mentis and a feme sole. The county judge of McLennan county then in office, the Honorable R. B. Stanford, was made defendant "as guardian ad litem." DeWitt Sheppard and wife, Gladys Sheppard, Abe Wizig, and Irving Wizig were also made parties defendant. Sheppard and wife were relations of Savanah Jasper, but there is no contention that they owned any interest in the land on which foreclosure was sought. Neither is there any contention that the defendants Wizig, or either of them, owned any interest in said land at that time. Citation on said original petition commanding service upon "Savanah Jasper, N. C. M., whose guardian ad litem is R. B. Stanford, County Judge," and the other defendants, was issued October 12, 1931, and placed in the hands of the sheriff of McLennan county on the same day. The return of the officer thereon indicates that the several defendants were served at different times, from the 15th to the 22d day of October, inclusive. Said return, so far as material here, shows that it was executed "by delivering to the within named defendant, Savanah Jasper, N. C. M., by delivering a true copy of this writ to Co. Judge R. B. Stanford, Gdn. Ad Litem." No order appointing the county judge guardian ad litem for the defendant Savanah Jasper was shown. Neither is there any contention that such an order was ever made. Said citation commanded the defendants therein to appear and answer in said cause on Monday, January 4, 1932, which was the first day of the next regular term of said court as fixed by law. The state, however, on October 23, 1931, took a judgment by default in said cause on said original petition, by the terms of which the state recovered of "the defendant" the sum of $3.32 and costs. Said judgment recited that the defendant "Savanah Jasper, N. C. M., by her guardian ad litem, R. B. Stanford, County Judge, * * * though each having been duly and legally served with process * * * came not." An order of sale was issued on said judgment on December 4, 1931, levied upon said lot by the sheriff of said county and such lot sold by him on January 5, 1932. Appellants, Abe Wizig and Irving Wizig, became the purchasers at said sale for the sum of $27.10, of which sum $25.06 was applied to the payment of costs and the remainder, $2.-04, as a credit on said judgment. On February 15, 1934, writ of possession was issued on

said judgment, in which the officer executing the same was commanded to deliver possession of said lot to said Wizigs as against said Savanah Jasper, N. C. M., and said Sheppard and wife. Said writ was placed in the hands of W. B. Mobley, sheriff of McLennan county, for execution.

The transcript contains an informal motion for new trial in behalf of Savanah Jasper and an order of the court dated March 31, 1932, overruling the same. Savanah Jefferson, alleging that she was the former Savanah Jasper, on February 21, 1934, filed in said court a pleading called her amended motion for new trial. She alleged that she was adjudged of unsound mind on the 8th day of June, 1927, and committed to an asylum for the insane and that she was not discharged therefrom until November 22, 1932. She further alleged that it had been agreed between her attorney and the attorneys for said Wizigs that her original motion to set aside said judgment and the sale made thereunder as aforesaid was well taken, and that she relied on such agreement; that said original motion had never been considered by the court on its merits and that the order overruling the same was entered by inadvertence and mistake. She further alleged that she was the owner of the property involved herein; that the defendants Wizig had conspired together to acquire the same, and, in pursuance of such conspiracy, had instigated and caused the institution of said tax suit; and that they had purchased the same at the tax sale for such a grossly inadequate price as to shock the conscience of the court. She further alleged the material facts concerning the manner in which such suit was instituted, service had, and judgment rendered as aforesaid, and charged that such judgment was void, or, in the alternative, voidable, and that the sale made thereunder was also void. She prayed, in substance, that said judgment be set aside; that the sale made thereunder be vacated and annulled; and that the court grant a temporary injunction restraining the execution of said writ of possession until trial. The court granted such injunction to continue until otherwise ordered by the court.

#### Opinion.

Appellee's pleadings submit for determination a substantial controversy with reference to the validity of the original judgment and the sale to appellants made thereunder. See 25 Tex. Jur., p. 551 et seq., §§ 156 to 158, inclusive; 18 Tex. Jur., p. 571 et seq., §§ 35 and 36. The rights of the parties are not concluded by the action of the court in granting the temporary injunction, but remain for determination upon final hearing. The effect of such injunction was merely to preserve the status quo pending such hearing. James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960, par. 3, and authorities there cited. Granting or refusing a temporary injunction rests largely within the sound discretion of the trial court and will not be revised unless it is apparent that such discretion was abused. City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ. App.) 33 S.W.(2d) 272, 274, pars. 1 to 6, inclusive; James v. E. Weinstein & Sons, supra; Meyer v. Cockcroft (Tex. Civ. App.) 273 S. W. 665, 666, par. 2, and authorities there cited; City of Waco v. Grimes (Tex. Civ. App.) 279 S. W. 312, 314, par. 2; Hudson v. Kerby (Tex. Civ. App.) 5 S.W.(2d) 1007.

Upon consideration of the whole record, we have reached the conclusion that no abuse of the trial court's discretion in granting such injunction is shown, and its action in doing so is therefore affirmed.