SHINN et al. v. BARROW et al.

No. 10636.

Court of Civil Appeals of Texas. Galveston.

Oct. 27, 1938.

Rehearing Denied Nov. 17, 1938.

Mandell & Combs, of Houston, Hayden C. Covington, of San Antonio, O. R. Moyle, of Brooklyn, and Arthur Garfield Hayes, of New York City (W. A. Combs, of Houston, of counsel), for appellants.

A. R. Rucks and Robert M. Lyles, both of Angleton, for appellees.

GRAVES, Justice.

This appeal is from a final judgment on the facts and the law—after a full hearing of the evidence for both sides—entered by the trial court on March 2 of 1937, wherein appellants (Mr. and Mrs. L. D. Shinn, together with their minor children, Flora Mae and Billie Lee, suing through their father, as next friend) were denied any relief against the appellees (Brazoria Independent School District of Brazoria County, its Board of Trustees, and Melvin B. Barrow, Principal of the Brazoria Public School of the town of Brazoria, Brazoria County) in their suit against them to enjoin the latter from enforcing a suspension order entered by such Board of Trustees on January 13 of 1937, wherein the two appellant-children, because of their refusal to salute the United States flag at certain school exercises, instituted pursuant to Penal Code, Article 289, had been suspended from attendance at that school for the remainder of its 1936–37 term, unless meanwhile they should return willing to obey the orders of the school authorities to salute the flag.

The undisputed evidence, the stipulation of the facts filed by the parties at the trial below, and the findings-of-fact and law filed by the court in support of its judgment, show these two outstanding facts:

(1) That the two children refused to salute the flag upon the ground that it was contrary to their religious beliefs, whereupon such governing body of the school suspended them for the remainder of the 1936–37 term, but specifically provided therein that such suspension order would be set aside if the children would obey the orders of the school authorities to salute the flag, and they might then return to school.

(2) That the current school term for the years 1936–1937 of the schools conducted in Brazoria Independent School District terminated on the 21st day of May, 1937.

Heretofore, on July 7 of 1937, the appellees filed a written motion in this court, to which the appellants filed answer on July 21st thereafter, asking dismissal of this cause on the ground that it had become moot on account of such prior expiration of the term for which these children had been suspended, that having been the sole subject-matter involved in the cause as represented by this appeal; just prior to the court's recess for the summer, that motion was taken for decision with the cause it-

self; after mature consideration thereof, it is this court's conclusion that the motion is well taken, and should be sustained.

 Just how this court, or any other agency, would have the power to reinstate these children for the term which had already expired, that having been in substance and effect the sole relief sought by the appellants in their resort to the court for the coveted permanent injunction, and there having been no averment on their part that the minor children would offer to attend the school at the next succeeding term, nor if they did that they would be required, nor if so required would then refuse, to salue the flag, does not readily occur; in other words, it conclusively appears that the sole question as presented to and determined by the learned trial court had in the meantime become merely abstract, hence not justiciable within the principles laid down by our authorities. 3 Tex.Jur. page 69, par. 25, and foot-note cited authorities; Graves v. Commissioners' Court of Milam County, Tex.Civ.App., 218 S.W. 554, dismissed by Supreme Court.

· Indeed, in view of the showing on the undisputed facts that the suspension order expressly on its face was limited not only to existence for the remainder of the 1936–37 scholastic year, but also to the failure of the children to return at any time within that period and obey the flag-salutation requirement of the school authorities, it is not indispensable in support of the holding that the only controversy involved had thus become moot to cite the provisions of R.S. Art. 2904; but that statute, in plain terms, does in fact so limit the power of suspension of such school trustees, in this concluding declaration:

"They may suspend from the privileges of schools any pupil found guilty of incorrigible conduct, but such suspension shall not extend beyond the current term of the school."

The appellants, in what appears to this court to be a somewhat naive view, dismiss that mandatory requirement by suggesting this:

"The record in this case does not show that these children were suspended because they were found guilty of incorrigible conduct. They were not found guilty of anything except abstaining to make an obeisance which, to them, would be a violation of their religious convictions"; whereas, the primary meaning of the word "incorrigible" is:

"1. Not corrigible; incapable of being corrected or amended; not reformable"; wherefore, in any event, it seems inept to argue that these children were not found guilty of incorrigible conduct within the meaning of the quoted definition, under this unattacked finding-of-fact of the trial court;

"Said children steadfastly refused to salute the flag, and the board of trustees of said school, in the exercise of their governmental functions, suspended said children for the remainder of said term."

None of the authorities cited by able counsel for appellants as being contrary, to this conclusion are thought to be in conflict with it, since none of them were based upon the legal equivalent of the facts stated as having existed in this instance.

Further discussion will be foreborne; upon the holding that the sole question involved has become moot, the cause will be dismissed, Justice CODY concurring in this opinion solely on that ground.

Dismissed.

PLEASANTS, C. J., absent.