## CHANGOS v. FORD et al.

### No. 8843.

Court of Civil Appeals of Texas. Austin.

Sept. 20, 1939.

B. C. Johnson and Xavier Christ, both of Port Arthur, and David E. O'Fiel, of Beaumont, for appellant.

Gerald C. Mann, Atty. Gen., and George W. Barcus, M. C. Martin, and A. S. Rollins, Asst. Attys. Gen., for appellees.

BLAIR, Justice.

Appellant, George N. Changos, applied to the Texas Liquor Control Board for a license to sell wine and beer in the City of Port Arthur for the year 1938, beginning January 1st. The City of Port Arthur had by a zoning ordinance or amendment to its home rule charter prohibited the sale of wine and beer within the area where appellant's place of business was located. The Board refused the license upon the ground that the appellant's place of business was located in "dry" territory; and appellant seeks by mandamus to compel the Board to issue the license, contending that the ordinance or charter was void for the several reasons stated. The trial court sustained the action of the Board denying the license; hence this appeal.

The appeal presents the identical question determined by the Supreme Court in the case of Tritico v. Texas Liquor Control Board, 128 S.W.2d 379, wherein it is held that since the license, if issued, would have terminated one year from the date of the issuance, and since the one year had long since expired, the matter in controversy had become moot, and that the "Court of Civil Appeals [126 S.W.2d 738] should have reversed the judgment of the district court and dismissed the cause." Accordingly, we reverse the judgment of the district court in the instant case, because the matter in controversy has become moot, and the cause is hereby dismissed.

Judgment reversed; cause dismissed.