## DOWLEN et al. v. AMARILLO INDEPENDENT SCHOOL DIST. et al.

### No. 5574.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1943.

Rehearing Denied Nov. 22, 1943.

Hayden C. Covington, of Brooklyn, N. Y., and Tom S. Williams, of Sulphur Springs, for appellants.

Underwood, Johnson, Dooley & Wilson, of Amarillo, for appellees.

PITTS, Chief Justice.

Appellants, C. Y. Dowlen, suing in his own right and as next friend for his minor children, Aurelia Mae Dowlen and Stuart Dowlen, E. E. Gladish, suing in his own right and as next friend of his minor son, Harry Gladish, and Mrs. Gertrude Rowe, suing in her own right and as next friend of her minor daughter, Charlene Rowe, filed this suit against appellees, Amarillo Independent School District, Avery Rush, president of school board of said district, and Dr. R. P. Parcells, Beaumont Stinnett, J. W. Mode and W. W. Gibson, members of said board, and George M. Waddill, secretary of said board, C. M. Rogers, superintendent of schools, Felix R. Phillips, principal of Sanborn School, and Elizabeth Nixon, principal of Central Junior High School, praying that appellees be enjoined from enforcing suspension orders entered by said board of trustees on or about October 1, 1942, suspending the above-named minor children from the public schools of Amarillo because of their refusal to salute the United States flag and pledge allegiance to the flag at certain school exercises, and praying further that appellees be ordered to reinstate said minor children in said schools.

Appellees answered, joining issues with appellants, and the case was heard without a jury before the trial court, who, on April 9, 1943, rendered judgment denying the relief prayed for by appellants, from which judgment appellants duly perfected their appeal to this court.

The record discloses that the school board of Amarillo Public Schools had on December 23, 1940, adopted and approved a rule with the sanction of legal advice making it the policy of said public schools to require all teachers in said schools to salute and properly respect the United States flag and to teach the pupils so to do or be dismissed as a teacher, and further requiring that all pupils of said schools shall also salute and properly respect the United States flag or be excluded from attending said schools, and that said rule had been continuously in force up to and including the school year of 1942–1943; that on October 2, 1942, Aurelia Mae Dowlen and Stuart Dowlen were excluded by school authorities from attendance at the Sanborn School in Amarillo because

of their refusal to comply with the foregoing rule and policy; that on October 24th Harry Gladish was excluded by school authorities from attendance at Central Junior High School in Amarillo because of his refusal to comply with the foregoing rule and policy; that on October 28, 1942, Charlene Rowe was excluded by school authorities from attendance at Sanborn School in Amarillo because of her refusal to comply with the foregoing rule and policy; that appellants profess a religion known as "Jehovah's Witnesses" and believe it would be "irreverent to Almighty God" to comply with said rule and policy adopted by appellees; that all of said children were of school age; that said children were excluded from attendance at school until the end of the session on May 28, 1943, or until such time as they were willing to comply with the rules and regulations of the school; that appeals were perfected to the State Superintendent of Schools and to the State Board of Education, who on January 4, 1943, voted to uphold the action of the Amarillo school authorities and that soon thereafter this suit was filed and tried as stated above.

Article 289 of the Texas Penal Code makes it a penal offense against any official or employee of the public free schools who fails to include in "the daily program of every public school * * * at least ten minutes for the teachings of intelligent patriotism, including the needs of the State and Federal Governments, the duty of the citizen to the State, and the obligation of the State to the citizen."

Article 2904 of the Revised Civil Statutes provides that school children cannot be suspended from school privileges beyond the end of the current school term. The record in this case discloses that the children named above were suspended until the close of the current term on May 28, 1943, or until such time prior to the close of the current term as they may be willing to return to school and comply with the flag-salutation requirements of the school authorities. Certainly this court would not have the power to reinstate the children for the period of time about which complaint is made when such period of time has long since expired.

Appellants in seeking a permanent injunction made no averments nor proof that the minor children would offer to attend the next succeeding term or terms of school, nor that such children would be required to comply with the flag-salutation requirement if they did offer to attend the next succeeding term or terms, nor that they would refuse to comply with such requirements if made. Appellees' counsel calls our attention to the fact, and it clearly appears to us that the sole controversy presented to the trial court to be determined has now become abstract and the case is moot. Shinn et al. v. Barrow et al., Tex.Civ.App., 121 S.W.2d 450, writ dismissed by the Supreme Court on January 4, 1939, with the notation, "The case is moot;" and 3 Tex.Jur. 69, par. 25.

The cause is therefore dismissed.