**ISBELL, Secretary of State, v. REDNICK.**

No. 2671.

Court of Civil Appeals of Texas. Waco.

March 14, 1946.

Rehearing Denied April 11, 1946.

Grover Sellers, Atty. Gen., and Geo. W. Barcus and Wm. J. R. King, Asst. Attys. Gen., for appellant.

Charles G. Lyman and S. I. Pittman, both of Corpus Christi, for appellee.

HALE, Justice.

This proceeding arose under the provisions of Art. 6573a of Vernon's Tex.Civ. Stats., known as "The Real Estate Dealer's License Act." Appellee held a dealer's license under the above Act for the year 1944 and in due time she made application for a renewal thereof for the year 1945. Complaint having been filed against appellee, a hearing on the issues thus joined was had before the Administrator of the Act on May 3, 1945 and thereupon the application was refused. Appellee properly appealed to the District Court of Nueces County from the order refusing to grant her application. Upon a trial of the case before the court without the aid of a jury, judgment was there rendered on July 16, 1945 ordering the Secretary of State to issue to appellee a renewal of her license for the year 1945. Appellant duly excepted to the judgment of the trial court, gave notice of appeal therefrom to the Fourth Court of Civil Appeals at San Antonio and on September 10, 1945 perfected the appeal by filing in the latter court a proper transcript and statement of facts. By order of the Supreme Court the case was transferred into this court on November 27, 1945 and thereafter at the earliest practicable date, viz., on January 10, 1946, the cause was submitted here on the written briefs and oral arguments of the respective parties.

Although the point has not been raised by either party to the appeal, we are of the definite opinion that the controversy out of which this suit arose became moot on and after January 1, 1946. The only relief sought or obtained by appellee was an order directing appellant to issue to her a real estate dealer's license for the year 1945. By the terms of the foregoing Act it is expressly provided in Section 17 thereof that "all licenses issued under the provisions of this Act shall expire on December 31st of each year at midnight." There was neither pleading nor proof to the effect that appellee would desire or seek to secure a license for the year 1946, or, if so, as to what action appel-

lant or his successor in office might take on any subsequent application, if any, to be so filed by her. Consequently, any judgment which this court might now render on the merits of the cause of action here involved would be wholly ineffectual in so far as any presently existing legal right of either party is concerned and any opinion which we might hand down herein on the contentions of the respective parties would be only advisory in the event of future litigation of a similar nature.

■ It is a fundamental principle that courts are created, not for the purpose of deciding abstract questions of law or rendering advisory opinions, but for the judicial determination of presently existing disputes between parties in relation to facts out of which controverted questions arise. Where a controversy becomes moot while a cause is pending in an appellate court, so that no effective relief can be given to either party to the appeal, it is the duty of the appellate court to vacate the proceedings out of which the controversy arose, reverse the judgment of the trial court and dismiss the asserted cause of action. State v. Society for Friendless Children, 130 Tex. 533, 111 S.W.2d 1075; Benavides v. Atkins, 132 Tex. 1, 120 S.W.2d 415; City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638; Ansley v. State, Tex.Civ.App., 175 S.W. 470; Shinn v. Barrow, Tex.Civ.App., 121 S.W.2d 450 (er. dis.); Changos v. Ford, Tex.Civ.App., 131 S.W.2d 1025; Renfro v. Burrell, Tex.Civ.App., 138 S.W.2d 1110; Callison v. Vance Independent School District, Tex.Civ.App., 152 S.W.2d 395; Dowlen v. Amarillo Independant School District, Tex.Civ.App., 175 S.W.2d 288 (er. ref.).

■ The mere fact that a question of costs is involved does not prevent the case from becoming moot. Under such circumstances it has been held, and we think properly so, that each party should pay the costs incurred by each, respectively, in both the trial and the appellate court. Walker v. Hopping, Tex.Civ.App., 226 S.W. 146 pt. 10; McAfee v. Staerker, Tex.Civ.App., 116 S.W.2d 789; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 123 S.W.2d 979.

Accordingly, the proceedings out of which this controversy arose are vacated and set aside, the judgment of the trial court is reversed and the cause is dismissed.