## COOPER v. MILAM et al.
### No. 3080.

Court of Civil Appeals of Texas. Waco.
March 5, 1953.

Naman, Howell & Boswell, Waco, for appellant.

Witt, Terrell, Jones & Riley, Waco, for appellees.

HALE, Justice.

This is an appeal from an interlocutory order of the trial court refusing to grant appellant a temporary injunction. As plaintiff in the court below, appellant sought to enjoin the Citizens National Bank of Waco from voting 1,600 shares of stock in the Cooper Company in favor of a partial capital liquidating dividend in the amount of $366,000. The Bank held the stock as independent executor of the estate of E. C. Barrett, deceased. Appellant also sought to enjoin the Cooper Company and its president, J. R. Milam, Jr., from counting any vote cast by the Bank as executor of the estate of E. C. Barrett in favor of such liquidating dividend, and to enjoin the Cooper Company and its president from paying such dividend. In addition to his prayer for a temporary injunction, appellant also prayed that upon final hearing the temporary injunction sought by him be made permanent, that certain action theretofore taken by the board of directors of the Cooper Company in declaring a prior dividend be cancelled, set aside and held for naught and that judgment be rendered in favor of the corporation against the said J. R. Milam, Jr., in the sum of $338,832 and interest, and for damages and costs of court and for such other and further relief as he might show himself entitled to.

Appellant's application for a temporary injunction came on for hearing in the court below on December 3, 1952 and after the evidence thereon had been adduced the court refused the same, appellant duly excepted, gave notice of appeal, filed appeal bond and caused a record of the proceedings to be filed in this Court on December 17, 1952. Appellant's brief was filed here on January 2, 1953, his appeal being predicated upon the following point of error:

"The trial court erred in refusing to grant the temporary injunction in this case because the Citizens National Bank of Waco has no right as independent executor of the estate of E. C. Barrett, deceased, to vote the 1,600 shares of the Barrett stock in The Cooper Company in the proposed stockholders' meeting to vote on a partial capital liquidating dividend."

On January 6, 1953, J. R. Milam, Jr., and the Cooper Company filed their motion herein to dismiss the cause on appeal on the ground that the acts which appellant sought to enjoin had been accomplished since the hearing in the court below and hence his application for injunctive relief had become moot. From the recitals in the verified motion of appellees to dismiss, it appears that on December 3, 1952, after the trial court had denied appellant's application for a temporary injunction, a meeting of the stockholders of the Cooper Company was had at which the Citizens National Bank of Waco, as executor of the estate of E. C. Barrett, voted the 1,600 shares of stock held by it in favor of the partial capital liquidating dividend in the amount of $366,000. It also appears that the Cooper Company and its president, J. R. Milam, Jr., counted the votes cast by the Bank at the meeting of the stockholders, the proper officers and directors of the corporation certified to the Secretary of State that the partial capital liquidating dividend had been passed by vote of more than two-thirds of the stockholders of the corporation and the proposed charter amendment reducing the corporation's capital stock in accordance with the action so taken by its stockholders, was approved by the Secretary of State. The motion to dismiss has been carried along with the appealed cause which is now under submission on written briefs and oral arguments of the parties.

Appellant filed his original verified petition in the court below on December 1, 1952. He alleged therein, among other things, that he was the owner of 570 shares of stock in the Cooper Company; that E. C. Barrett was the owner of 1,600 shares of stock in the corporation at the time of his death on May 30, 1952, and by the terms of his will the stock was bequeathed to appellant as trustee for the benefit of certain other persons as set forth in the will; that on July 19, 1952, a judgment was rendered in the court below in favor of the Cooper Company against J. R. Milam, Jr., in the amount of $297,897.93 and in order to pay said judgment the said J. R. Milam, Jr., borrowed such sum from some third party and under the terms of his loan obligated himself to vote his stock in the Cooper Company and to obtain the votes of other directors in favor of an irrevocable dividend, either ordinary or by way of partial liquidation of the corporation, and to pledge such dividend to secure his personal loan; that the said J. R. Milam, Jr., in order the fulfill his agreement and contrary to the best interests of the Cooper Company, had the directors of the corporation to adopt a resolution declaring a dividend in the amount of $338,832 and withdrew such amount from the corporation, such action constituting a misappropriation and a conversion of the assets of the corporation; that J. R. Milam, Jr., as president of the Cooper Company had called a meeting of the stockholders of the corporation which would be held on December 2, 1952, for the purpose of voting a partial capital liquidating dividend and that the Citizens National Bank of Waco, as executor of the estate of E. C. Barrett, was threatening to vote the 1,600 shares of stock which it held as executor in favor of such partial liquidation and that, unless restrained, it would do so, notwithstanding the fact that the Bank as executor had no right to vote the stock so held by it in favor of the proposed liquidating dividend. Upon presentation of appellant's application for a temporary injunction, the court ordered that appellees be cited to appear on December 2, 1952, at 9:00 o'clock a. m. and show cause, if any they had, why the injunction as prayed for should not be granted.

Appellees filed an extensive answer to the application for injunctive relief in which they alleged, among other things, that the Bank, as executor of the will and estate of E. C. Barrett, was lawfully in possession of the 1,600 shares of stock which was of the reasonable value of $233,-600 and as such executor it was charged with the duty of paying all the debts of the decedent, including State inheritance taxes and Federal estate taxes. Appellees further alleged in their verified answer as follows:

"8.

"Defendants allege that Madison A. Cooper, plaintiff herein, is acting unreasonable and arbitrary, and against the best interest of his cestui que trust, for the reason that the defendants have gone to considerable time and expense to obtain a ruling from the Internal Revenue Department of the U. S. Government to the effect that in view of the liquidation of the grocery department of said corporation, said corporation and stockholders thereof have a right to declare a partial capital liquidation, provided that two-thirds of the stockholders of the said corporation vote in favor of said partial capital liquidating dividend, and to obtain said two-thirds majority for said liquidating dividend requires a vote therefor of all of the said 1600 shares of stock now standing on the books of said corporation in the name of E. C. Barrett. That if said dividend is declared to be a partial capital liquidating dividend, the estate of E. C. Barrett and the owners of the stock in question will make a considerable saving in taxes. In fact, said estate and the beneficiaries ultimately receiving said stock will save approximately $40,000.00. That Pauline Barrett Brassell and Mary Barrett Denton, in person or through their duly authorized agents, have instructed Madison A. Cooper to vote said 1600 shares of stock which they will receive as beneficiaries under the will of E. C. Barrett in favor of said partial capital liquidation, and has written him a letter to this effect, but he has declined

and refused to do so, to their injury and detriment. They have also advised the Citizens National Bank, independent executor of the estate of E. C. Barrett, to vote in favor of said capital liquidation plan or paying a dividend which will receive the treatment of capital gain or loss tax benefits under the Federal Estate Tax. That if this procedure is not followed, an ordinary dividend will be paid, amounting to approximately $366,000.00, which will cost the Barrett estate and the said Pauline Barrett Brassell and Mary Barrett Denton approximately $40,000.00 and the partial capital dividend will save said estate and the said beneficiaries said $40,000.00 in taxes. That the action of the said plaintiff, Madison A. Cooper, in refusing to vote in accordance with the wishes of the beneficiaries named in said will, as the ultimate owners of said stock, is arbitrary, capricious and unreasonable, and will result in serious financial injury to said beneficiaries, whose best interests he is supposed to represent, and in this connection, these defendants would show that the Bank, as the independent executor, stands ready to vote for said partial capital liquidation dividend in accordance with the instructions from the said Pauline Barrett Brassell and Mary Barrett Denton conveyed to said Bank through their duly authorized agents.

"9.

"That the Directors of said corporation have heretofore declared a dividend of $366,000.00 to be paid one-half thereof on the 27th day of December, 1952, and the remaining one-half on the 5th day of January, 1953, conditioned only upon the fact if they were able to obtain the consent of the Internal Revenue Department of the U. S. Government to pay a partial capital liquidation dividend; this form of dividend would be substituted for an ordinary dividend, and, as stated above, if an ordinary dividend is paid, the Barrett estate and the beneficiaries under his will receiving said stock of The Cooper Company, Inc., will save approximately $40,000.-00 which they will otherwise have to pay in the form of taxes if an ordinary dividend is ultimately paid for said amount.

"10.

"Defendants would show that they now have secured from the Internal Revenue Department of the U. S. Government a ruling to the effect that if said partial capital liquidating dividend is paid, a tax thereon under the Capital Gain and Loss Provisions of said Federal Tax Law would be applied, which will result in the savings to said estate and beneficiaries as set out above.

"11.

"That the payment of said capital liquidating dividend of $366,000.00 will not result in any injury or damage to the plaintiff or to the defendants herein because after the payment thereof, said corporation will still have remaining approximately $650,000.00 net worth, which is more than ample to properly conduct the wholesale dry goods business, which is the only business that said corporation is now conducting, as said wholesale dry goods business does not amount, in volume, to more than one million dollars per annum."

The contention of appellant to the effect that the Citizens National Bank as executor of the estate of E. C. Barrett had no right to vote the Barrett stock is based upon the following provision in the will of the testator:

"I give and bequeath to Madison A. Cooper, Jr., in trust, all of my shares of stock in the Cooper Co., Inc., of Waco, Texas, and in Behrens Drug Co., of Waco, Texas, to be held by my said trustee during his lifetime for the benefit of my two nieces, Pauline Barrett Brassell and Mary Barrett Denton, share and share alike. Said stock shall be turned over to said trustee as promptly as practicable after my death and all income thereon shall be paid by said trustee annually or as dividends are paid on said stock to said beneficiaries, share and share alike. Said

trustee shall receive no compensation for his services as trustee of said stock and shall not be required to give bond as such trustee, and shall have full voting rights as the holder of the legal title to said stock during the life of said trustee, or so long as he may continue to serve as trustee under this provision of my will. It is my will that said trustee shall not be required to comply with the Texas Trust Act while acting as trustee herein, and that no beneficiary shall ever have any claim against said trustee for any act or omission on his part in the performance of said trust."

Appellant says the Bank had no right to vote the 1,600 shares of stock in the Cooper Company for a partial capital liquidating dividend because, among other reasons, "Under Texas law, upon the death of E. C. Barrett the legal title to the 1600 shares of Cooper Company stock vested in Madison A. Cooper, Jr., legatee in the Barrett will, and Mr. Cooper had the sole right to vote said stock as an incident to his legal title." On the other hand, subject to their motion to dismiss the cause on appeal, appellees say the Bank, as executor of the will and estate of E. C. Barrett, had the legal right and duty, under the circumstances alleged in their verified answer to appellant's application for a temporary injunction, to vote the Barrett stock on December 3, 1952, for a partial capital liquidating dividend and that appellant, as trustee under the will of E. C. Barrett, had no legal or equitable right to vote the Barrett stock against such dividend to the injury and detriment of the cestui que trustent for whose benefit he was purporting to act.

■ As a general rule a trial judge, in the exercise of his equitable powers to grant or refuse an application for a temporary injunction pendente lite, is vested with a wide latitude of sound judicial discretion. Houston Electric Co. v. City of Houston, Tex. Civ.App., 212 S.W. 198; Ward County Water Improvement Dist. No. 2 v. Ward County Irr. Dist. No. 1, Tex.Civ.App., 214 S.W. 490; Beirne v. North Texas Gas Co., Tex. Civ.App., 221 S.W. 301; Sutherland v. City of Winnsboro, Tex.Civ.App., 225 S.W. 63; Fort v. Moore, Tex.Civ.App., 33 S.W.2d

807 (er. dis.); Wizig v. Jefferson, Tex.Civ. App., 74 S.W.2d 428; First Trust Joint Stock Land Bank of Chicago v. Hayes, Tex. Civ.App., 90 S.W.2d 331; Pancake v. Kansas City Life Ins. Co., Tex.Civ.App., 134 S.W.2d 776. It is also generally held that upon appeal from an exercise of such power, a reviewing court should not disturb the action of the trial judge unless the record on appeal shows that such action constituted an abuse of discretion. Davidson v. Wells, Tex.Civ.App., 233 S.W. 518; Pavey v. McFarland, Tex.Civ.App., 234 S.W. 591; Basham v. Holcombe, Tex.Civ.App., 240 S. W. 691; Gordon v. Hoencke, Tex.Civ.App., 253 S.W. 629; Massa v. Guardian Trust Co., Tex.Civ.App., 258 S.W. 598; Railroad Commission of Texas v. San Antonio Compress Co., Tex.Civ.App., 264 S.W. 214; Southwestern Greyhound Lines v. Railroad Comm. of Tex., 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235.

■ Although we are inclined to the view that the record before us fails to disclose an abuse of discretion on the part of the trial judge in refusing to grant appellant's application for a temporary injunction, we do not think it is necessary or proper for this court to pass upon that question or to determine at this time whether appellant or the Bank had the right or duty to vote the Barrett stock on December 3, 1952, or to decide whether the trial court did or did not err in refusing to grant the application because it now appears that the acts which appellant sought to enjoin have been performed and hence we have concluded that appellant's application for a temporary injunction has become moot. Brown v. Fleming, Tex.Com.App., 212 S.W. 483, pts. 1 and 2; Anderson v. City of San Antonio, Tex.Civ.App., 26 S.W.2d 353; International Ass'n of Machinists Union Local No. 1488 v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282; Service Finance Corp. v. Grote, 133 Tex. 606, 131 S.W.2d 93; Continental Pipe Line Co. v. Gandy, Tex.Civ.App., 142 S.W.2d 631; Panos v. Foley Bros. Dry Goods Co., Tex. Civ.App., 198 S.W.2d 494.

In his verified answer to the motion of appellees to dismiss the cause, appellant says his asserted cause of action for a temporary

injunction has not become moot because (1) the Bank, in voting the Barrett stock for the proposed liquidating dividend on December 3, 1952, did not act unconditionally and (2) the Cooper Company and its president have not completed the payment of such liquidating dividend. Attached to such answer is a copy of a letter from the Bank's trust officer dated December 3, 1952, addressed to Jesse Milam as president of the Cooper Company which reads in part as follows: "In voting the stock this afternoon, (meaning the Barrett stock) we do so without asserting or representing to you that we have any right to do so. If we have the right to vote it, our vote is cast in favor of the liquidating dividend." It also appears from such answer that appellant has not accepted the sum of $25,696 under the proposed liquidating dividend. However, we do not think these facts are material to a determination as to whether or not appellant's application for a temporary injunction is now moot. The material question now before us is not what the Bank or the Cooper Company or its officers *should have done* under the circumstances; in the light of what has actually been done, the vital question is whether any of the threatened acts which appellant sought to enjoin can now be effectively prevented. Regardless of whether the Bank did or did not have the right to vote the Barrett stock, conditionally or unconditionally, it has done so and no preliminary injunction can now effectively undo that which has been done. Furthermore, the fact that appellant has not accepted the liquidating dividend which has been declared is a matter beyond the control of the Bank, the Cooper Company or its officers.

It is quite clear to us that the subject matter of this suit, viz.: appellant's cause of action for a temporary injunction to prohibit the Citizens National Bank from voting the Barrett stock in favor of a partial capital liquidating dividend and to prohibit the Cooper Company and its president, J. R. Milam, Jr., from counting such vote or from paying the dividend so voted, no longer exists as a live subject of controversy because such acts have been completely performed in so far as the Bank, the Cooper Company and its president are concerned. Preventive injunctions necessarily operate only upon unperformed and unexecuted acts. It is axiomatic that a prohibitory injunction against the performance of an act or a deed which has already been accomplished is futile and useless.

In the case of Isbell v. Rednick, Tex.Civ. App., 193 S.W.2d 736, 737, this court said: "It is a fundamental principle that courts are created, not for the purpose of deciding abstract questions of law or rendering advisory opinions, but for the judicial determination of presently existing disputes between parties in relation to facts out of which controverted questions arise. Where a controversy becomes moot while a cause is pending in an appellate court, so that no effective relief can be given to either party to the appeal, it is the duty of the appellate court to vacate the proceedings out of which the controversy arose, reverse the judgment of the trial court and dismiss the asserted cause of action. State v. Society for Friendless Children, 130 Tex. 533, 111 S.W. 2d 1075; Benavides v. Atkins, 132 Tex. 1, 120 S.W.2d 415; City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638; Ansley v. State, Tex.Civ.App., 175 S. W. 470; Shinn v. Barrow, Tex.Civ.App., 121 S.W.2d 450 (er. dis.); Changos v. Ford, Tex.Civ.App., 131 S.W.2d 1025; Renfro v. Burrell, Tex.Civ.App., 138 S.W.2d 1110; Callison v. Vance Independent School District, Tex.Civ.App., 152 S.W.2d 395; Dowlen v. Amarillo Independent School District, Tex.Civ.App., 175 S.W.2d 288 (er. ref.)."

We do not wish to express any opinion whatsoever at this time on the issues as to whether the action of the Bank in voting the Barrett stock, or the action of the Cooper Company or of its president in counting such stock or in paying all or any part of the dividends so declared, was or was not wrongful. These issues have not been adjudicated and they must be disposed of, if such an adjudication is desired, at a trial of the main case on its merits. Hence, our disposition of this appeal should be and is without prejudice to any right of any party

to this proceeding in so far as such issues may be involved on a trial of the main case on its merits.

Since we have concluded that appellant's asserted cause of action for a temporary injunction is now moot, appellees' motion to dismiss the cause will be granted, the order of the trial court refusing to grant appellant's application for a temporary injunction will be vacated, the case to the extent of such application will be dismissed, and all costs of court incident to such application will be assessed against appellant, and it is so ordered.