**GENERAL TELEPHONE COMPANY OF THE SOUTHWEST, Appellant,**

v.

**CITY OF WELLINGTON et al., Appellees.**

No. 6500.

Court of Civil Appeals of Texas.

Amarillo.

May 2, 1955.

Rehearing Denied June 6, 1955.

---

Don S. Holdridge, San Angelo, for appellant.

Paul Spillman, Wellington, for appellees.

NORTHCUTT, Justice.

For a statement of the nature of this suit, we copy the statement from appellant's brief as follows:

"This is an appeal by General Telephone Company of the Southwest, appellant, from an order of the District Court of Collingsworth County dissolving a temporary restraining order and denying temporary injunction against the City of Wellington and City Council of the City of Wellington, appellees, enjoining enforcement of a telephone rate ordinance of such City. In the trial court, the Company filed a sworn petition asserting and affidavits supporting its contention that the rates established by the rate ordinance of the City of Wellington result in confiscation of the Company's property devoted to rendering local exchange telephone service in the Wellington, Texas, exchange. The City filed a sworn answer denying the grounds for relief set out by the Company; and, after a hearing

at which the trial court received extensive evidence submitted by the Company, the court denied a temporary injuction during the pendency of the application for permanent injunction and dissolved a temporary restraining order theretofore entered in the cause. Appellant brings the case to this court by appeal from such order."

By appellant's first point of error, it is contended that the trial court abused its discretion by failing to grant a temporary injunction because (1) that there is a reasonable probability that the appellant would succeed on final hearing; (2) that the loss to the appellant resulting from a refusal to grant the temporary injunction will be irreparable and (3) that the customers can be adequately protected by bond.

It is undisputed that this hearing as to a temporary injunction was presented and heard solely upon the question of whether or not the rates provided by Ordinance 333 were confiscatory of appellant's property. That statement was made, as shown in the statement of facts, by the court and also appellant's attorney and also as shown by the above statement made as to the nature of this suit. It is to be noted also that the appellees contend that Ordinance 333 could apply only to those residing within the city limits since the city had no right to pass any ordinance affecting any telephone rates as to those living outside the city limits. We think this is correct but not necessary to be determined here in disposing of this case. City of Sweetwater v. Hamner, Tex.Civ.App., 259 S.W. 191, at page 195.

There is no evidence showing what the rates are outside of the city limits and neither is there any evidence separating the values in the city and the rural areas but it is all based upon the entire Wellington exchange. A temporary injunction merely preserves the status quo until final hearing and should go no further than equity requires. It is not the purpose of a temporary injunction to obtain for the appellant the relief properly obtainable on a final hearing. A temporary injunction

should not issue if the applicant would thereby obtain all the relief obtainable at a final hearing of the case and especially would result in a change of the status quo. A rate may be unreasonable and may not yield a fair return upon the fair value of the property or investment and yet at the same time not be confiscatory. The undisputed record shows that there was a small net rate and if there is a net rate, the rate would not be confiscatory. Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681.

Article 1119 of Vernon's Annotated Civil Statutes of Texas gives the city the power to regulate the rates but provides that the governing body shall not prescribe any rate or compensation which will yield more than a fair rate upon the fair value of the property used and useful in rendering its service to the public but which rate, in no event, shall ever exceed 8% per annum.

▪ We are of the opinion, and so hold, that since this record shows a small net rate under the rate sought to be changed, that it was not shown to be confiscatory, and that a temporary injunction would not lie pending the final hearing. We are of the opinion that the trial court correctly determined what was the status quo. The status quo would be the rate appellant sought to enjoin the appellees from enforcing and the rate as to which appellant introduced its evidence to show was confiscatory. In appellant's statement of the nature of the suit, it is stated this is a suit to enjoin enforcement of a telephone rate ordinance.

▪ As stated in Cooper v. Milam, Tex. Civ.App., 256 S.W.2d 196, as a general rule, a trial judge in the exercise of his equitable powers to grant or refuse an application for a temporary injunction pendente lite is faced with a wide latitude of sound judicial discretion. We can readily see that a rate that, at a certain time, might produce a small net return would not be confiscatory but at a later date become confiscatory because of changed conditions and necessity of expenditures for replacements and necessary improvements; but as

this record stands the trial court had to determine the validity or invalidity of the rate set by Ordinance 333 on the conditions as they existed at the time it was promulgated and as relied upon by the parties on the trial of this hearing and the evidence introduced. We do not think the trial court abused its discretion.

▪ We are of the opinion, under this record, the correct rule of law is expressed in the case of City of Baytown v. General Tel. Co. of the Southwest, Tex. Civ.App., 256 S.W.2d 187, at page 190, where it is stated:

"(1) It is well settled in this State that the sole question to be determined on appeal in the granting or refusing of a temporary injunction, is whether or not the trial court abused its discretion in entering the order appealed from.

"In the case of Bates v. Texas Electric Railway Co., Tex.Civ.App., 220 S.W.2d 707, 710, it is said, 'We are not presently concerned with the merits of plaintiff's appeal, our duty extending no further than whether an abuse of the court's discretion is involved in his denial of injunction; or, otherwise stated, whether there is shown in the record reasonable grounds for its refusal.' The following authorities sustain the holding in the case of Bates v. Texas Electric Railway Co., supra; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Construction & General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; 3 Tex.Jur. 1008, § 719.

"In the case of Hotel & Restaurant Employees', etc. v. Longley, Tex.Civ. App., 160 S.W.2d 124, 126, it is said, 'Regarding the evidence we are required, of course, to give effect to such as was undisputed and not subject to any qualification or variance as the possible result of the judge's exercise of his power to determine its weight or to determine the credibility of the witnesses. Of all disputed evidence

we are required to consider only that most favorable to the plaintiffs. Further, of all reasonable inferences which may be drawn from such evidence, we are required to adopt only those, if any, favorable to plaintiffs.' "

Of course, there may be cases where the return is so small and there can be no question as to a reasonable value and also need for improvements and replacements that the rate would become confiscatory and where a temporary injunction might lie. The rates fixed by a municipality are presumably correct and if the alleged invalidity rests on disputed questions of fact, the invalidity must be proved to the satisfaction of the court. What was a reasonable rate of return was not to be determined by this requested injunction and neither is there a showing that the purported increase would not have produced more than the eight per cent permitted under the law. Appellant's assignments of error are overruled as well as appellees' counter-assignments of error.

Judgment of the trial court is affirmed.